OPINION *Page 2 
{¶ 1} Defendant-appellant Frank Tyson appeals from the March 11, 2008, Judgment Entry of the Stark County Court of Common Pleas denying his Motion for a New Trial Pursuant to Crim. R. 33. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 28, 2000, the Stark County Grand Jury indicted appellant on one count each of kidnapping in violation of R.C. 2905.01, a felony of the second degree, burglary in violation of R.C 2911.12, a felony of the second degree, failure to comply with the order or signal of a police officer in violation of R.C. 2921.331, a felony of the third degree, receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree, and grand theft of a motor vehicle in violation of R.C 2913.02, a felony of the fourth degree. At his arraignment on August 4, 2000, appellant entered a plea of not guilty to the charges.
 {¶ 3} A jury trial commended on October 26, 2000. The following testimony was adduced at trial.
 {¶ 4} A red truck was stolen from Dana Novelli on East Tuscarawas Street in Canton, Ohio when Novelli stopped to investigate two sweepers sitting on the side of the street. According to Novelli, a black male walked past him and apparently entered Novelli's truck and proceeded to drive away. Novelli attempted to cling to the vehicle, but was unable to prevent the theft.
 {¶ 5} Subsequently, State Highway Patrolman William Haymaker observed the truck and a chase ensued. During the chase, the truck went over an embankment into a strip mine and into the back entrance of Republic Steel. A white truck located on *Page 3 
Republic's plant area was then taken and driven through a police barricade. Trooper Joel Smith of the State Highway Patrol, who was positioned outside of the Republic Steel plant in his cruiser, followed the white truck and observed it violate several traffic control devices and strike parked cars, two houses and a utility pole. After hitting the pole, the truck stopped and the driver exited the same and proceeded on foot with Patrolman Smith in pursuit. Testimony was adduced at trial that the driver ran into a house occupied by Latonya Hill and her minor children, Brittany and Dwyone, on Second Street N.E., and then seized Brittany and used her as a shield before the Patrolman. The police arrested the man, who was identified as appellant, as he was fleeing the residence.
 {¶ 6} Appellant testified at trial that he was not the thief, but had been standing on the street when sprayed with mace by the patrolman and was merely fleeing such unwarranted attack when he entered the Hill home with consent. Appellant was identified by both Brittany Hill and her brother, who also verified the patrolman's version as to the events in the home. Dwyone Hill had also observed appellant leave the crashed truck prior to entering his home. Latonya Hill, according to the children, was asleep on the second floor during these events.
 {¶ 7} After the jury found appellant guilty of all of the counts contained in the indictment, the trial court, as memorialized in a Judgment Entry filed on November 6, 2000, sentenced appellant to a total of twenty-four (24) years in prison.
 {¶ 8} Appellant then appealed his conviction and sentence. Pursuant to an Opinion filed on September 24, 2001, in State v. Tyson, Stark App. No. 2000CA00361, 2001-Ohio-1382, this Court affirmed appellant's conviction and sentence. *Page 4 
 {¶ 9} Thereafter, on November 26, 2007, appellant filed a "Motion for Criminal Rule 33(B) `Unavoidably Prevented' Findings and for New Trial." Appellant, in his motion, claimed that he was unavoidably prevented from timely filing his motion for a New Trial and that he was unavoidably prevented from discovering the newly discovered evidence upon which he based such motion. Appellant based his motion on videotapes played by the Prosecution at trial and prepared by Ohio State Highway Patrol Troopers. The videotapes were taken from VCRs in the cruisers of Ohio State Highway Patrol Troopers Haymaker and Smith. Trooper Haymaker testified at trial that the two made copies of the two tapes taken from their cruisers and put them onto one tape. Appellant claimed that the videotapes exonerated him because, when played separately rather than spliced together as they were at trial, they show that Trooper Smith, who was the State's sole eyewitness to identify appellant as the thief, was in fact four miles away when the white truck crashed and its operator fled on foot. Appellant also relied on an Ohio State Highway Patrol investigation which, he asserts, "contain[s] several temporal discrepancies in describing the various times and locations of the pursing law enforcement personnel. . . ." In addition, appellant attached to his motion affidavits from Dwyone and Brittany Hills, both of which were executed on February 20, 2001, in which they recanted their trial testimony and stated that the Prosecutor had told them to lie at trial.
 {¶ 10} Pursuant to a Judgment Entry filed on March 11, 2008, the trial court denied appellant's motion. The trial court, in its entry, stated, in relevant part, as follows:
 {¶ 11} "In reviewing all of the claims of the defendant, the Court finds that the defendant has not shown by clear and convincing evidence any valid reason for the *Page 5 
extensive delay in filing the motion for new trial. . . . The Court finds that both the videotape issue and the affidavits of Mr. Hill and Ms. Hill have not timely been presented and the defendant has not met the burden of proof that the defendant was unavoidably prevented from timely filing a motion for new trial or that he was unavoidably prevented from timely discovery of the newly discovered evidence."
 {¶ 12} Appellant now raises the following assignment of error on appeal:
 {¶ 13} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR CRIMINAL RULE 33(B) `UNAVOIDABLY PREVENTED' FINDINGS AND FOR NEW TRIAL."
 I {¶ 14} Appellant, in his sole assignment of error, argues that the trial court erred in denying his "Motion for Criminal Rule 33(B) `Unavoidably Prevented' Findings and for New Trial." We disagree.
 {¶ 15} Crim. R. 33 governs new trials. Under Crim. R. 33(A)(6), a new trial may be granted when "new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial."
 {¶ 16} Subsection (B) of Crim. R. 33 states, in relevant part, as follows:
 {¶ 17} "Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed *Page 6 
within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein."
 {¶ 18} "A party is `unavoidably prevented' from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence." State v. Lee, Franklin App. No. 05AP-229,2005-Ohio-6374, at ¶ 8, citing State v. Carr, Franklin App. No. 02AP-1240, 2003-Ohio-2947. See also, State v. Walden (1984),19 Ohio App.3d 141, 145-146, 483 N.E.2d 859.
 {¶ 19} In this case, appellant's Motion for New Trial was filed on November 26, 2007, clearly outside of the fourteen day rule.
 {¶ 20} However, appellant based his motion on allegedly newly discovered evidence. Crim. R. 33(B) provides that motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered or from the trial court's decision unless "it is made to appear by clearand convincing proof that the defendant was unavoidably prevented fromthe discovery of the evidence upon which he must rely." (Emphasis added). Thus, an untimely motion for new trial based on newly discovered evidence must show, by clear and convincing proof, that the defendant was "unavoidably prevented" from discovering the new evidence. State v.Fortson, Cuyahoga App. No. 82545, 2003-Ohio-5387 at ¶ 10.
 {¶ 21} In State v. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus, the Supreme Court of Ohio held the following: "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must *Page 7 
be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. (State v.Lopa, 96 Ohio St. 410, 117 N.E. 319, approved and followed)."
 {¶ 22} In the case sub judice, the trial court found, and we concur, that appellant failed to show by clear and convincing evidence that he was unavoidably prevented from timely discovery of the "newly discovered" evidence. The videotapes that appellant claims were newly discovered were played at appellant's trial in 2000 and, appellant concedes, were available for separate viewing pretrial. Appellant, in his brief, specifically concedes that the State made the videotapes available to the defense as part of discovery. The videotapes would have indicated the date and time(s) the taping was taking place. Appellant, in an affidavit attached to his June 17, 2008, response to the State's response to his Motion for a New Trial, stated, in relevant part, as follows:
 {¶ 23} "9. Sometime in 2002-2003, the OSHP [Ohio State Highway Patrol] provided him with its investigation, together with one (1) videotape, a copy of the spliced tape played at trial.
 {¶ 24} "10. On or about 2/13/02, Bill Johnson, Evidence Administrator, Stark County Court of Common Pleas, provided him with the attached inventory of evidence that included `(7) video of car Nr. 360' and `(8) video of car Nr. 1405.'
 {¶ 25} "11. On or about 7/23/02, Johnson provided him with the attached instructions for obtaining copies of the videotapes. *Page 8 
 {¶ 26} "12. Sometime thereafter, he obtained copies of both videotapes.
 {¶ 27} "13. Over the course of the next 2-3 years, he sought legal counsel, Attorneys Fischbein-Cohen and Lodico respectively, for the purpose of viewing and interpreting both tapes forward, backward, separately and simultaneously via two (2) video replay machines and a pause button.
 {¶ 28} "14. For technical reasons and repeated communication failures between attorneys and client, however, the viewing and interpretation never occurred until 7/07, with videographer and current counsel, as a result of which and for the first time he drew the conclusion that constitutes the grounds for his pending new trial motion.
 {¶ 29} Thus, by appellant's own admission, he had the separate videotapes at least two to three years before he filed his motion and had the Ohio State Highway Patrol investigation in 2002 or 2003. Appellant, however, did not file his motion until November 26, 2007.
 {¶ 30} As is stated above, appellant also attached the affidavits of Dwyone and Brittany Hill to his Motion for a New Trial. Both, in their affidavits, recant their trial testimony and state that the Prosecutor told them to lie while testifying at trial. However, both affidavits were notarized on February 20, 2001, well within the time to file a motion for a new trial based on newly discovered evidence. However, as noted by appellee, appellant "waited more than six and a half years after the execution of the affidavits to file his motion for new trial."
 {¶ 31} Based on the foregoing, we find that the trial court did not err in denying appellant's motion as untimely. We concur with the trial court that appellant failed to *Page 9 
show that he "was unavoidably prevented from timely filing a motion for new trial or that he was unavoidably prevented from timely discovery of the newly discovered evidence."
 {¶ 32} Appellant's sole assignment of error is, therefore, denied.
 {¶ 33} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1