OPINION *Page 2 
{¶ 1} Defendant-appellant Frank Tyson appeals the October 17, 2008 Judgment Entry entered by the Stark County Court of Common Pleas, which denied his Petition for Post-conviction Relief. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 28, 2000, the Stark County Grand Jury indicted Appellant on one count of kidnapping, in violation of R.C. 2905.01, a felony of the second degree; one count of burglary, in violation of R.C 2911.12, a felony of the second degree; one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331, a felony of the third degree; one count of receiving stolen property, in violation of R.C. 2913.51, a felony of the fourth degree; and one count of grand theft of a motor vehicle, in violation of R.C 2913.02, a felony of the fourth degree. Appellant appeared for arraignment on August 4, 2000, and entered a plea of not guilty to the charges.
 {¶ 3} The matter proceeded to jury trial on October 26, 2000.[1]
After hearing all the evidence and deliberations, the jury found Appellant guilty of all of the charges contained in the Indictment. The trial court sentenced Appellant to an aggregate prison term of twenty-four (24) years. The trial court memorialized Appellant's convictions and sentence via a Judgment Entry filed November 6, 2000. Appellant appealed his convictions and sentence to this Court. This Court affirmed Appellant's convictions and sentence. State v.Tyson, Stark App. No. 2000CA00361, 2001-Ohio-1382. *Page 3 
 {¶ 4} On November 26, 2007, Appellant filed a "Motion for Criminal Rule 33(B) `Unavoidably Prevented' Findings and for New Trial." Therein, Appellant claimed he was unavoidably prevented from timely filing his motion for a new trial and also was unavoidably prevented from discovering the newly discovered evidence upon which he based such motion. Specifically, Appellant maintained the videotapes played at trial called into question Trooper Smith's identification of Appellant as the driver of the stolen van. Appellant explained Trooper Haymaker testified he and Trooper Smith merged two videotapes from their individual cruisers onto one tape. Appellant claimed the videotapes exonerated him because, when played individually rather than spliced together as was done at trial, the tapes showed Trooper Smith, who was the State's sole eyewitness to identify Appellant as the thief, was four miles away when the white truck crashed and its operator fled on foot. Appellant also relied on an Ohio State Highway Patrol investigation which he asserts "contain[s] several temporal discrepancies in describing the various times and locations of the pursing law enforcement personnel. . . ." In addition, Appellant attached to his motion affidavits from Dwyone Hill and Brittany Hill, both executed on February 20, 2001, in which they recanted their trial testimony and stated the Prosecutor had instructed them to lie at trial.
 {¶ 5} Via Judgment Entry filed on March 11, 2008, the trial court denied Appellant's motion, finding Appellant failed to show by clear and convincing evidence any valid reason for the extensive delay in filing his motion for new trial. The trial court also found Appellant had not timely presented the issue of the videotape and the affidavits of Mr. Hill and Ms. Hill, and failed to meet his burden of proving he was *Page 4 
unavoidably prevented from timely discovering this evidence. Appellant appealed the trial court's decision to this Court. This Court affirmed the trial court's decision, finding "appellant failed to show by clear and convincing evidence that he was unavoidably prevented from timely discovery of the `newly discovered' evidence". State v. Tyson, supra.
 {¶ 6} On June 17, 2008, following the trial court's denial of his motion for new trial, Appellant filed a petition for post-conviction relief. Therein, Appellant fully incorporated his motion for new trial. Via Judgment Entry filed October 17, 2008, the trial court overruled the petition, finding Appellant "failed to meet all of the jurisdictional requirements set forth in R.C. 2953.23(A) and, therefore, this Court is without jurisdiction to consider Tyson's untimely petition for post-conviction relief." October 17, 2008 Judgment Entry at 5.
 {¶ 7} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT, AND IN DISMISSING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT HEARING.
 I {¶ 9} Herein, Appellant challenges the trial court's denial of his petition for post-conviction relief.
 {¶ 10} Appellant was convicted in October, 2000. Without question, the petition filed by Appellant in June, 2008, is untimely. In order for a court to recognize an *Page 5 
untimely post-conviction petition pursuant to R.C. 2953.23 (A)(1), both of the following requirements must be established:
 {¶ 11} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 12} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 13} Appellant's petition for post-conviction relief was predicated upon the same arguments as those asserted in his motion for new trial. This Court recently affirmed the trial court's denial of Appellant's motion for new trial, finding `[A]ppellant failed to show by clear and convincing evidence that he was unavoidably prevented from timely discovery of the `newly discovered' evidence." State v. Tyson, supra at para. 22. This finding is now law of the case. Because Appellant failed to establish he was unavoidably prevented from discovering the new evidence, we find the trial court did not err in denying his petition for post-conviction relief as untimely.
 {¶ 14} Appellant's sole assignment of error is overruled. *Page 6 
 {¶ 15} The judgment of the Stark County Court of Common Pleas is affirmed.
 Hoffman, J., Gwin, P.J. and Edwards, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] For a complete recitation of the facts underlying Appellant's convictions, see State v. Tyson, Stark App. No. 2000CA00361, 2001-Ohio-1382; and State v. Tyson, Stark App. No. 2008CA00068,2009-Ohio-104. *Page 1