[Cite as *State v. Tyson*, 2012-Ohio-712.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

FRANK E. TYSON

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Julie A. Edwards, J.

Case No. 2011CA00177

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2000-CR-0849 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 21, 2012 |

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

JOHN D. FERRERO,
PROSECUTING ATTORNEY,
STARK COUNTY, OHIO

By: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

FRANK E. TYSON, PRO SE
Inmate No. 397-251
Mansfield Correction Institution
P.O. Box 788
Mansfield, Ohio 44901

*Hoffman, J.*

(¶1)     Defendant-appellant Frank E. Tyson appeals the July 11, 2011 Judgment Entry entered by the Stark County Court of Common Pleas denying his motion for de novo resentencing.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE

(¶2)     On July 28, 2000, the Stark County Grand Jury indicted Appellant on one count of kidnapping, in violation of R.C. 2905.01, a felony of the second degree; one count of burglary, in violation of R.C 2911.12, a felony of the second degree; one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331, a felony of the third degree; one count of receiving stolen property, in violation of R.C. 2913.51, a felony of the fourth degree; and one count of grand theft of a motor vehicle, in violation of R.C 2913.02, a felony of the fourth degree. Appellant appeared for arraignment on August 4, 2000, and entered a plea of not guilty to the charges.

(¶3)     The matter proceeded to jury trial on October 26, 2000.[1] After hearing all the evidence and deliberations, the jury found Appellant guilty of all of the charges contained in the Indictment. The trial court sentenced Appellant to an aggregate prison term of twenty-four (24) years. The trial court memorialized Appellant's convictions and sentence via Judgment Entry filed November 6, 2000. Appellant appealed his convictions and sentence to this Court. This Court affirmed Appellant's convictions and sentence. *State v. Tyson,* Stark App. No.2000CA00361, 2001-Ohio-1382.

---

[1]  For a complete recitation of the facts underlying Appellant's convictions, see *State v. Tyson,* Stark App. No.2000CA00361, 2001-Ohio-1382; and *State v. Tyson,* Stark App. No.2008CA00068, 2009-Ohio-104.

**(¶4)** On November 26, 2007, Appellant filed a "Motion for Criminal Rule 33(B) 'Unavoidably Prevented' Findings and for New Trial." Therein, Appellant claimed he was unavoidably prevented from timely filing his motion for a new trial, and also was unavoidably prevented from discovering the newly discovered evidence upon which he based such motion. Via Judgment Entry filed on March 11, 2008, the trial court denied Appellant's motion, finding Appellant failed to show by clear and convincing evidence any valid reason for the extensive delay in filing his motion for new trial. The trial court also found Appellant had not timely presented the issue of the videotape and the affidavit, and failed to meet his burden of proving he was unavoidably prevented from timely discovering this evidence. Appellant appealed the trial court's decision to this Court. This Court affirmed the trial court's decision, finding "appellant failed to show by clear and convincing evidence that he was unavoidably prevented from timely discovery of the 'newly discovered' evidence". *State v. Tyson,* supra.

**(¶5)** On June 17, 2008, Appellant filed a petition for post-conviction relief. Therein, Appellant fully incorporated his motion for new trial. Via Judgment Entry filed October 17, 2008, the trial court overruled the petition, finding Appellant "failed to meet all of the jurisdictional requirements set forth in R.C. 2953.23(A) and, therefore, this Court is without jurisdiction to consider Tyson's untimely petition for post-conviction relief." October 17, 2008 Judgment Entry at 5. This Court affirmed the denial of the petition for post-conviction relief via Opinion and Judgment Entry of January 26, 2009. *State v. Tyson* Stark App. No. 2008 CA 00253.

**(¶6)** On August 11, 2010, Appellant filed a motion for resentencing with proper post-release control notification. On October 5, 2010, the trial court scheduled the matter for a hearing on post-release control.

**(¶7)** On May 20, 2011, the trial court conducted a limited resentencing hearing on the issue of post-release control. At the hearing, Appellant was notified of the term of post-release control, to wit: Upon release from prison, Appellant was advised he is ordered to serve a mandatory period of three years of post-release control on each counts one, two and three, pursuant to R.C. 2967.28(B) and an optional period of up to three years of post-release control at the discretion of the Parole Board on counts four and five, pursuant to R.C. 2967.28(B). This period of post-release control was imposed as part of Appellant's criminal sentence at the sentencing hearing, pursuant to R.C. 2929.19. Appellant was notified the terms of post-release control imposed in the sentence should be served concurrently, as required by R.C. 2967.28(F)(4)(c), and if he commits another felony while subject to this period of control or supervision he may be subject to an additional prison term consisting of the maximum period of unserved time remaining on post-release control.

**(¶8)** Appellant filed a motion for resentencing de novo on May 20, 2011. The trial court denied the motion via Judgment Entry of July 11, 2011. Appellant now appeals, assigning as error:

**(¶9)** "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A FULL DE NOVO RESENTENCING HEARING, UNDER STATE V. SINGLETON 124 Ohio St.3d 173, 2009-Ohio-6434-920 N.E.2d 958."

(¶10) In the sole assignment of error, Appellant asserts the trial court erred in not conducting a de novo sentencing hearing in light of the trial court's failure to properly impose post-release control. Specifically, Appellant asserts the trial court failed to properly advise him of the consequences of violating his post-release control during his original sentencing hearing.

(¶11) In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the Ohio Supreme Court held

(¶12) "We similarly hold that when a judge fails to impose statutorily mandated post-release control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside. [Footnote omitted.] Neither the Constitution nor common sense commands anything more.

(¶13) "This principle is an important part of the analysis of void sentences that we have not focused upon in prior cases involving post-release control, including *Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Thus, we reaffirm the portion of the syllabus in *Bezak* that states '[w]hen a defendant is convicted of or pleads guilty to one or more offenses and post-release control is not properly included in a sentence for a particular offense, the sentence for that offense is void,' but with the added proviso that only the offending portion of the sentence is subject to review and correction.

(¶14) "However, we now modify the second sentence in the *Bezak* syllabus as ill-considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which post-release control was not imposed properly. 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. It does not recognize a principle that we overlooked in *Bezak:* when an appellate court concludes that a sentence imposed

by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.

**(¶15)** "Therefore, we hold that the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of post-release control. In so holding, we come more into line with legislative provisions concerning appellate review of criminal sentences.***"

**(¶16)** Pursuant to *Fischer*, supra, Appellant was entitled to a hearing limited to the correction of the imposition of post-release control.  Appellant was convicted of a felony of the second degree, a felony of the third degree and two felonies of the fourth degree; therefore, subject to both a discretionary period of post-release control and a mandatory period of post-release control, each for a period of three years.  On May 20, 2011, the trial court properly conducted a hearing limited to the proper imposition of post-release control.[2]

---

[2] Appellant's claim he was not properly advised of the consequences of violating the terms of PRC at his original sentencing hearing is barred from review herein by res judicata.

(¶17) Appellant's sentence in the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Edwards, J. concur

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin
HON. W. SCOTT GWIN


s/ Julie A. Edwards
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
FRANK E. TYSON                         :
                                       :
    Defendant-Appellant                :          Case No. 2011CA00177


For the reasons stated in our accompanying Opinion, Appellant's sentence in the

Stark County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS