[Cite as *State v. Tyson*, 2016-Ohio-3048.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

     Plaintiff-Appellee

-vs-

FRANK E. TYSON

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Craig R. Baldwin, J.

Case No. 2015CA00196

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2000CR0849 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 16, 2016 |
| APPEARANCES: | |

For Plaintiff-Appellee

JOHN D. FERRERO,
Prosecuting Attorney,
Stark County, Ohio

By: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

FRANK E. TYSON , PRO SE
Inmate No. 387-251
Lebanon Correctional Institution
P.O. Box 54
Lebanon, Ohio 45036

*Hoffman, J.*

{¶1} Defendant-appellant Frank E. Tyson appeals the August 24, 2015 Judgment Entry entered by the Stark County Court of Common Pleas, denying his motion for resentencing. The state of Ohio is plaintiff-appellee.

STATEMENT OF THE CASE[1]

{¶2} In 2000, Appellant was found guilty by a jury of kidnapping, burglary, failure to comply with an order of a police officer, grand theft of a motor vehicle, and receiving stolen property. He was sentenced to a total of 24 years in prison.

{¶3} Upon direct appeal, this Court affirmed Appellant's convictions and sentence in 2001. *State v. Tyson*, 5th Dist. No. 2000CA00361, 2001-Ohio-1382.

{¶4} In 2008, Appellant separately filed a motion for a new trial and a motion for post-conviction relief. The trial court denied both motions and this Court affirmed the trial court's decisions in *State v. Tyson*, 5th Dist. No. 2008CA00253, 2009-Ohio-374.

{¶5} Appellant then filed a habeas petition in federal court, which was dismissed in February, 2010.

{¶6} In February, 2010, Appellant filed additional post-trial motions and requested a de novo sentencing hearing based upon improperly imposed post-release control. The trial court granted resenting, in part.

{¶7} A resentencing hearing limited to the proper imposition of post-release control took place in May, 2011. Following entry, Appellant appealed again. This Court

---

[1] A rendition of the facts is unnecessary for our resolution of this appeal.

affirmed the trial court's decision in *State v. Tyson*, 5th Dist. No. 2011CA00177, 2012-Ohio-712.

**{¶8}** In July, 2013, Appellant filed another motion for resentencing. His motion was granted pursuant to the holding in *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014. Accordingly, Appellant was resentenced again on February 14, 2014. Therein, the trial court vacated the post-release control associated with his conviction for kidnapping.

**{¶9}** Appellant again appealed, arguing his sentence for kidnapping could not be reinstated because he had already served his sentence thereon. This Court rejected Appellant's argument and affirmed his resentencing. *State v. Tyson*, 5th Dist. No. 2014CA00040 2014-Ohio-5822 at ¶20.

**{¶10}** On July 29, 2015, Appellant filed another motion requesting de novo sentencing again asserting his sentence for kidnapping could not be reinstated. The trial court denied Appellant's motion via Judgment Entry filed August 24, 2015.

**{¶11}** It is from that judgment entry Appellant prosecutes this appeal assigning as error:

**{¶12}** "I. THE TRIAL COURT LACKED THE AUTHORITY AND JURISDICTION TO ACT UPON, MODIFY, OR REVIVE THE 8 YEAR SENTENCE ON COUNT-1 KIDNAPPING AFTER THE 8 YEAR SENTENCE HAD EXPIRED.

**{¶13}** "II. THE TRIAL COURT HAD NO JURISDICTION OVER THIS MATTER WHEN IT ENTERED THE ORDER STATING THE PRISON SANCTIONS OF 8 YEARS ON COUNT-1 KIDNAPPING REMAINED AFTER HIS 8 YEAR TERM WAS VACATED AND HAD EXPIRED."

I & II

{¶14} We address Appellant's assignments of error together as they are controlled by the same legal principle.

{¶15} We find the claims presently raised by Appellant were previously raised in his prior appeal in *State v. Tyson*, 5th Dist. No. 2014CA00040, 2014-Ohio-5822. Under the doctrine of law of the case and application of res judicata, we overrule both of Appellant's assignments of error.

{¶16} The judgment of the trial court is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur