The STATE of Ohio, Appellee,

v.

BEAVERS, Appellant.

[Cite as *State v. Beavers*, 166 Ohio App.3d 605, 2006-Ohio-1128.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21098.

Decided March 10, 2006.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, Public Defender, and Charles B. Clovis, Assistant Public Defender, for appellant.

GRADY, Presiding Judge.

{¶ 1} Defendant, Reuben Beavers, appeals from the judgment of the court of common pleas denying his motion for a new trial.

{¶ 2} Defendant was convicted following a jury trial of felonious assault and discharging a firearm at or into a habitation, and was sentenced to 18 to 28 years in prison. These convictions arose out of an incident in which defendant was alleged to have shot into a house that was an illegal after-hours drinking and gambling establishment, or "boot joint." One person inside that house was wounded. We affirmed defendant's conviction and sentence on direct appeal. *State v. Beavers* (Jan. 28, 2000), Montgomery App. No. 15265, 2000 WL 84557.

{¶ 3} Defendant filed a petition for postconviction relief claiming ineffective assistance of counsel based upon counsel's alleged failure to call certain witnesses who could have exonerated defendant. The trial court dismissed defendant's petition without a hearing. On appeal, we found that a genuine issue of material fact exists as to whether defendant's trial counsel was ineffective for having failed to call one particular witness, Raney Mease, whose alleged testimony might have exonerated defendant. We reversed the dismissal and remanded the case to the trial court for an evidentiary hearing on defendant's petition.

{¶ 4} On remand, the trial court held an evidentiary hearing on October 29, 1998. Raney Mease testified that he was at the boot joint at or before the shooting and witnessed the shooting, and that another individual, not the defendant, was the shooter. On August 19, 1999, the trial court overruled defendant's postconviction petition. The court found that at the time of his trial neither defendant nor his counsel knew about Mease or how to contact him. Therefore, it would not have been reasonable to expect trial counsel to know of Mease's identity or the testimony he might offer at the time of trial from a description of "a black man in a van."

{¶ 5} We affirmed the trial court's decision overruling defendant's petition for postconviction relief. *State v. Beavers* (Apr. 21, 2000), Montgomery App. No. 17949, 2000 WL 426164. However, we also pointed out that because Mease's testimony constitutes strong exculpatory evidence that could not have with reasonable diligence have been discovered and produced at the trial, defendant has an available remedy by way of a motion for a new trial filed pursuant to Crim.R. 33(A)(6). We stated that on the evidence then before us, and but for our lack of jurisdiction to grant that relief, we would be tempted ourselves to grant a motion by defendant for a new trial. We further stated that because the testimony of the only known eyewitness to the incident would, if believed, completely exonerate defendant, it is difficult to believe that Mease's testimony would not provide sufficient grounds for a different result at trial.

{¶ 6} On July 13, 2000, defendant filed a motion for a new trial as this court had suggested. Defendant agreed that no hearing on that motion was necessary because defendant could rely on Mease's testimony and the other evidence

presented at the October 29, 1998 hearing on defendant's petition for postconviction relief.

{¶ 7} Defendant's motion for a new trial was not promptly reviewed by the trial court. While the motion was pending, the judge who had presided at defendant's trial and later heard the testimony of Raney Mease, Hon. David Sunderland, retired from the bench. His successor, Hon. G. Jack Davis, eventually reviewed defendant's motions.

{¶ 8} On May 2, 2005, almost five years after it was filed, the trial court overruled defendant's motion for a new trial without a hearing. The trial court concluded that defendant failed to satisfy the requirements for obtaining a new trial based upon newly discovered evidence because (1) the testimony of a repeat felon such as Mease, which was elicited in a prison setting, does not disclose a strong probability that it would change the result if a new trial is granted, and (2) the testimony offered by Mease would be cumulative and would only impeach or contradict the evidence presented at trial.

{¶ 9} Defendant timely appealed to this court from the trial court's denial of his motion for a new trial.

## ASSIGNMENT OF ERROR

{¶ 10} " The trial court erred when it denied appellant's Crim.R. 33 motion for a new trial."

{¶ 11} In *State v. Petro* (1947), 148 Ohio St. 505, 36 O.O. 165, 76 N.E.2d 370, the Ohio Supreme Court stated:

{¶ 12} "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." Id. at syllabus.

{¶ 13} A motion for a new trial is addressed to the sound discretion of the trial court, and its decision will not be disturbed on appeal absent an abuse of discretion. *State v. Schiebel* (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. An abuse of discretion means more than simply an error of law or an error in judgment. It implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 14} When a case has been tried to a jury, a motion for new trial requires the court to determine whether it is likely that the jury would have reached a different verdict had it considered the newly discovered evidence. The task of the reviewing court is to then determine whether the trial court abused its discretion in making that determination. *Dayton v. Martin* (1987), 43 Ohio App.3d 87, 539 N.E.2d 646.

{¶ 15} We have examined the files and records of the trial, the postconviction proceedings, and the new trial proceedings, as well as the previous appeals. Those records demonstrate that at trial defendant offered the testimony of another convicted prison inmate, Braden Carlisle, the testimony of a friend, Virgil Meadows, and the testimony of defendant's niece, Rosalyn Cark. Carlisle and Meadows testified that they were present at the scene of the shooting and that defendant was not the shooter. Cark testified that defendant was with her when the shooting occurred, at a location nearby. The jury obviously rejected the testimony of those witnesses.

{¶ 16} The state points out that Raney Mease has an extensive record of prior convictions and was serving time at Ross Correctional Institute for aggravated robbery, aggravated burglary, and involuntary manslaughter when he met defendant and agreed to provide testimony exonerating him. The trial record demonstrates that defendant was identified as the probable shooter by Arthur Farmer, the doorman at the boot joint where the shooting occurred. Additionally, Agnes Matson, the ex-wife of the owner-operator of the boot joint, testified at trial that defendant admitted to her that he had shot into the house.

{¶ 17} The state submitted affidavits in opposition to defendant's motion for a new trial from Gary Ware, Robert Matson, and Arthur Farmer. Gary Ware, an investigator with the County Prosecutor's office, interviewed Dewight White, defendant's cellmate at Ross Correctional Institution, on May 22, 2001. According to Ware's affidavit, White stated that defendant admitted to him at least 20 times that he was the shooter at the boot joint and that defendant told White that he had paid Raney Mease to create an alibi for him. After being shown a photograph of Raney Mease, both Robert Matson, the owner-operator of the boot joint, and Arthur Farmer, the doorman at the boot joint, stated that Mease was not at the boot joint on the night of the shooting and had not been there at any other time. Those statements conflict with Mease's statement that he was at the boot joint at or before the shooting occurred.

{¶ 18} Crim.R. 33(A)(6) requires the court to determine whether newly discovered evidence is "material to the defense." To satisfy that standard, the evidence must be admissible. The affidavit of the state's investigator, to the extent that it was offered to prove the truth of the statements defendant's cellmate, Dewight White, made to the investigator, was hearsay evidence, Evid.R.

801, and would be inadmissible at trial if offered for that purpose. Evid.R. 802. Defendant objected to the affidavit on that basis. In its decision, the trial court stated that it considered Ware's affidavit in weighing Raney Mease's evidence. On that basis, as well as Mease's criminal record, the court rejected Mease's testimony on a lack of credibility finding.

{¶ 19} The state has offered our decision in *State v. Coleman* (July 29, 2005), Clark App. Nos. 04CA43, 04CA44, 2005-Ohio-3874, 2005 WL 1797040 as additional authority. That case involved both a petition for postconviction relief and a motion for new trial. We stated:

{¶ 20} "In reviewing petitions for post-conviction relief, a trial court may, in the exercise of its sound discretion, weigh the credibility of affidavits submitted in support of the petition in determining whether to accept the affidavit as true statements of fact. *State v. Calhoun,* 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905. That same doctrine also comfortably applies to affidavits submitted in support of a motion for a new trial based upon newly discovered evidence that is material to the defense. In assessing the credibility of affidavits, the trial court should consider all relevant factors, including: '(1) whether the judge reviewing the post-conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.' *Calhoun, supra,* at 285, 714 N.E.2d 905.

{¶ 21} "One or more of the *Calhoun* factors, to the extent that any of them apply, may be sufficient to justify a conclusion that an affidavit asserting information outside the record lacks credibility." *Coleman,* 2005-Ohio-3874, 2005 WL 1797040, ¶ 25–27. Mease testified at the hearing on the petition for postconviction relief over which Judge Sunderland presided. However, from the perspective of Judge Davis, who ruled on the motion, Mease's testimony is akin to an affidavit for purposes of the credibility determination Judge Davis was required to make.

{¶ 22} When defendant filed his motion for new trial, he and the state agreed to submit the issue without a hearing, relying instead on the transcript of Mease's testimony at the hearing before Judge Sunderland on defendant's petition for postconviction relief. At oral argument, defendant's attorney stated that the submission was made in that way largely because of the force of the statement in our prior opinion concerning the positive merits of a motion for new

trial. However, following Judge Sunderland's retirement, and for other reasons, the motion was determined some five years later by Judge Davis, who had no firsthand knowledge of the trial testimony or of Mease's later testimony in support of defendant's petition. In view of those unique facts, as well as the weight the court gave to the inadmissible hearsay evidence in the investigator's affidavit when it rejected Mease's evidence for lack of credibility, we believe that a hearing is necessary to resolve the issues defendant's motion for new trial presents.

{¶ 23} The assignment of error is sustained. The judgment denying defendant's motion for new trial is reversed and vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Judgment accordingly.

BROGAN and FAIN, JJ., concur.