[Cite as *State v. Franklin*, 2010-Ohio-4317.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   09 MA 96 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| CRAIG FRANKLIN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 06CR155.

JUDGMENT:                        Affirmed.

APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul Gains
                                 Prosecuting Attorney
                                 Attorney Ralph Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio  44503

For Defendant-Appellant:         Attorney Timothy Young
                                 Ohio Public Defender
                                 Attorney Melissa Prendergast
                                 Assistant State Public Defender
                                 250 East Broad Street, Suite 1400
                                 Columbus, Ohio  43215

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                 Dated:  September 10, 2010

VUKOVICH, P.J.

¶{1} Defendant-appellant Craig Franklin maintains that his motion for a new trial, filed with the trial court after his conviction was affirmed on appeal, was erroneously overruled. He maintains that even though his motion for a new trial was filed beyond the time limitation set out in Crim.R. 33 and even though he did not request leave to file an untimely motion or submit an affidavit alleging he was unavoidably prevented from timely discovering the purported new evidence, the mere fact that he submitted affidavits which purport to exonerate him is enough to satisfy Crim.R. 33(B).

¶{2} In addition to its argument contrary to Franklin's foregoing assertions, the state raises a jurisdictional issue. That is, the state asserts that since Franklin's conviction was affirmed on appeal, the trial court lacked jurisdiction to rule on a motion for a new trial.

¶{3} For the reasons stated below, we decline to adopt the state's suggestion that a motion for a new trial based on newly discovered evidence deprives a trial court of jurisdiction to rule when the motion is filed after an appellate court affirmed the conviction. However, we affirm the trial court's decision overruling a motion for new trial because Franklin failed to request leave to file an untimely motion and, more significantly, did not provide any reason why he was unavoidably prevented from discovering the purported new evidence within the time limits set forth in Crim.R. 33.

<u>STATEMENT OF CASE</u>

¶{4} On August 21, 2007, Franklin was convicted of seven counts of felonious assault and seven accompanying firearm specifications. This resulted from an incident on July 1, 2005 where Franklin, Duniek Christian, Jumal Edwards and Brandon Jackson where involved in a shooting car chase with four police cruisers. *State v. Franklin*, 178 Ohio App.3d 460, 2008-Ohio-4811, ¶3-8. Seven of the officers that were in those four police cruisers identified Franklin as the shooter who fired cover fire for the other three perpetrators while they fled. Id. at ¶10. Franklin appealed the conviction. Id. at ¶13. Three issues were raised in that appeal: a sentencing issue dealing with whether the firearm specifications required merger, a voir dire issue, and an other acts evidence issue. We found merit with the sentencing issue, but no merit with the other issues. Thus, on that basis, we affirmed the convictions, and reversed and modified the firearm specification sentence. Id. at ¶12, 30, 85.

**¶{5}** On April 9, 2009, Franklin filed a motion for new trial based on newly discovered evidence. Attached to the motion were two affidavits from Jumal Edwards. The first affidavit stated that Franklin was not present at the shoot out. The second affidavit stated:

**¶{6}** "That Mr. Craig Franklin wasn't tha [sic] person who was shootin' [sic] at tha [sic] Police Officer's on tha [sic] City of Youngstown Ohio East Side. They have tha [sic] wrong person and I will testify to that if it wouldn't be a problem." Edwards Affidavit dated March 20, 2009.

**¶{7}** The trial court overruled the motion following the state's response. 05/04/09 J.E. Franklin timely appeals.

## JURISDICTION

**¶{8}** Prior to addressing the assignments of error, the state raises an argument that the trial court did not have jurisdiction to rule on the motion for new trial. In support of its position, it cites the Fifth Appellate Court's decision in *State v. Davis*, 5th Dist. No. 09CA0019, 2009-Ohio-5175.

**¶{9}** In *Davis*, the appellate court found that the trial court was correct when it denied appellant's motion requesting leave to file a motion for new trial based on newly discovered evidence because the trial court lacked jurisdiction to rule on any Crim.R. 33 motion since the conviction was already affirmed on appeal by the appellate court. In holding as such it cited to the reasoning in the Ohio Supreme Court's decision in *State ex rel. Special Prosecutors v. Judges* (1978), 55 Ohio St.2d 94.

**¶{10}** In *Special Prosecutors*, the Ohio Supreme Court held that the trial court lost jurisdiction to grant a motion to withdraw a guilty plea and grant a new trial when the defendant lost the appeal of his conviction based upon a guilty plea. Id. at 97. The Court further stated that the trial court does not regain jurisdiction after the court of appeal's decision affirming the conviction. Id. It reasoned that allowing the trial court to consider the motion to withdraw a guilty plea after the appeal and affirmance by the appellate court "would affect the decision of the reviewing court, which is not within the power of the trial court to do." Id. at 97-98. Accordingly, the Ohio Supreme Court found that the trial court had no jurisdiction to rule on a motion to withdraw a guilty plea after the conviction was appealed and affirmed on appeal by the appellate court. Id. at 98.

¶{11} Consequently, given *Davis*[1] and its reliance on *Special Prosecutors*, the state asserts that the trial court did not commit error in denying the motion for new trial because the conviction was previously affirmed on appeal and thus, the trial court did not have jurisdiction over the matter.

¶{12} We respectfully decline to embrace the Fifth Appellate District's determination in *Davis* that the trial court lacked jurisdiction to decide the Crim.R. 33 motion for new trial because the conviction had already been affirmed on appeal. Crim.R. 33's motion for new trial provides an avenue of relief when a defendant discovers new evidence that could exonerate him or her. Thus, in the context of newly discovered evidence, due process requires a new trial motion to be reviewed. This is especially the case when the issues raised in the new trial motion based on newly discovered evidence do not re-litigate settled issues. Furthermore, Crim.R. 33 contemplates the situation where a defendant is entitled to file an untimely motion for new trial based on newly discovered evidence, i.e. when a defendant is unavoidably prevented from discovering the newly discovered evidence. Thus, the rule anticipates that a motion for new trial based on newly discovered evidence may be filed after a decision has been rendered on appeal. Consequently, we disagree with the state's position that the trial court lacked jurisdiction to hear the new trial motion based on newly discovered evidence because the conviction had already been affirmed on appeal. Thus, we will now proceed to address the merits of this appeal.[2]

## FIRST ASSIGNMENT OF ERROR

¶{13} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT REQUEST THAT MR. FRANKLIN FILE A MOTION FOR LEAVE TO FILE AN OUT-OF-TIME MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE. JUDGMENT ENTRY, MAHONING COMMON PLEAS CASE NO. 06 CR 155 (MAY 4, 2009); CRIM.R. 33(B)."

---

[1] *Davis* has been appealed and accepted for review by the Ohio Supreme Court on the following issue:

"When the issue to be decided by the trial court does not fall within the judgment on appeal, the trial court retains jurisdiction to decide the motion before it. Further, to meet due process, a trial court must be able to consider a motion for a new trial based on newly discovered evidence even after an appeal has been taken. U.S. Const. Amend. XIV." *State v. Davis*, 124 Ohio St.3d 1442, 2010-Ohio-188; Davis' Jurisdictional Memoradum.

[2] We note that even if we are incorrect in our determination regarding the jurisdictional issue, given our resolution of the merits, the result is the same. Franklin is not entitled to a new trial based on his April 9, 2009 motion.

¶{14} The trial court summarily overruled Franklin's untimely motion for new trial. Franklin acknowledges that his motion for new trial based on newly discovered evidence was filed outside the one hundred twenty day time limit set forth in Crim.R. 33(B). However, he argues that the trial court should have considered his motion a Crim.R. 33(B) request for leave to file an untimely motion for new trial and based upon the evidence presented in that motion and the accompanying affidavits, the trial court should have determined that the motion complied with Crim.R. 33(B) mandates for granting leave to file an untimely motion for new trial.

¶{15} We review a Crim.R. 33(B) motion for leave to file a motion for new trial under an abuse of discretion standard of review. *State v. Pinkerman* (1993), 88 Ohio App.3d 158, 160. Thus, unless we find that the court's attitude was unreasonable, arbitrary or unconscionable, we must affirm the court's decision. *State v. Adams* (1980), 62 Ohio St.2d 151, 157.

¶{16} Crim.R. 33(B) provides a mechanism for allowing a new trial motion based on newly discovered evidence to be reviewed by the trial court beyond the prescribed one hundred twenty day time limit. The petitioner is to file a motion for leave. *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, ¶16. In that motion for leave, the petitioner is required to show by clear and convincing proof that he has been unavoidably prevented from discovering, within the one hundred twenty day time limit, the evidence that he is relying on to support his motion for new trial. Crim.R. 33(B). See, also, *Parker*, at ¶16. That means the party had no knowledge of the existence of the ground supporting the motion and could not have learned of the existence of that ground within the prescribed time limit through the exercise of reasonable diligence. *Parker*, at ¶16, quoting *State v. Walden* (1984), 19 Ohio App.3d 141, 145-146.

¶{17} Here, Franklin's motion for new trial based on newly discovered evidence did not contain a formal request for the trial court to consider the untimely motion. Despite that deficiency, we do not find that the rule should be interpreted so technically as to prevent an untimely motion that does not specifically request leave, especially when the motion contains proof that the petitioner was unavoidably prevented from discovering the purported newly discovered evidence. However, as is discussed below, this case does not present the situation where an untimely motion that does not

request leave contains proof that the petitioner was unavoidably prevented from discovering the purported newly discovered evidence.

¶{18} Franklin urges this court to find that Jumal Edwards' affidavit provides clear and convincing proof that he was unavoidably prevented from discovering the new evidence in the specified time. He contends that an affidavit signed outside the rule's time frame, which exonerates the defendant, satisfied this requirement. He cites three cases for this proposition: *State v. Walden* (1984), 19 Ohio App.3d 141, 147-148 (10th Dist.); *State v. Kiraly* (1977), 56 Ohio App.2d 37, 52-53 (8th Dist.) and *State v. Pinkerman* (1993), 88 Ohio App.3d 158 (4th Dist.).

¶{19} None of those cases expressly provide that an affidavit signed outside the rule's time frame satisfies the requirement that the petitioner was unavoidably prevented from discovering the new evidence within the one hundred twenty day time period. However, there are more recent decisions from our sister districts that have expressly concluded that an affidavit signed outside the time's rule does not necessarily indicate that the petitioner was unavoidably prevented from obtaining the evidence or that it is clear and convincing proof. *State v. Jackson*, 3d Dist. No. 14-04-11, 2004-Ohio-5103, ¶8-9 (finding that an affidavit signed outside the one hundred twenty day time limit did not show that appellant was unavoidably prevented from discovering the evidence when appellant admitted he knew of the evidence prior to the expiration of the one hundred twenty day time limit); *State v. Williams,* 12th Dist. No. CA2003-01-001, 2003-Ohio-5873, ¶21 (finding that trial court did not abuse its discretion in denying the motion for leave to file an untimely motion for new trial because request to file leave was filed eleven years after conviction and three years after knowledge of the new evidence); *State v. Fortson,* 8th Dist. No. 82545, 2003-Ohio-5387, ¶11.

¶{20} We agree with the more recent cases out of our sisters districts. The burden is on the petitioner to show how he was unavoidably prevented from timely discovering the evidence; the court is "not required to make suppositions about the reasons for the delay." *Fortson,* 8th Dist. No. 82545, 2003-Ohio-5387, at ¶12. Thus, the use of an affidavit signed outside the time limit for a timely motion that fails to offer any reason why it could not have been obtained sooner is not adequate to show by clear and convincing proof that the evidence could not have been obtained within the prescribed time period. Id.

¶{21} Jumal Edwards' affidavits do not provide any reason why his statement that Franklin was not at the scene of the crime could not have been obtained sooner. Furthermore, in the second affidavit, Edwards avows that Franklin is being mistaken for another individual and that Edwards could testify to that. Edwards was convicted of the crimes. Thus, the logical conclusion is that he knows who Edwards was allegedly mistaken for. However, the record also indicates that Edwards also knew who he was mistaken for prior to his conviction. The record contains a time-stamped letter written to the judge that was filed two months before the motion for new trial. In that letter, Franklin stated that the authorities had him mixed up with someone else and he did not tell anyone who that person was because he did not want to be labeled a snitch. He then stated that he has had time to think about it and it is unfair for him to spend his life in prison for something he did not do. He then indicated that he does know who was really there and he is now willing to tell and that person's prints will be on the gun. As previously stated, the requirement of unavoidably being prevented from discovering means that the petitioner had no knowledge of the existence of the ground supporting the motion. *Parker*, at ¶16. Franklin's letter tends to demonstrate that he was not unavoidably prevented from discovering the new evidence, the identity of the person he was mistaken for, because he knew the person he was mistaken for prior to his conviction. Thus, since neither the affidavit nor motion provide a basis for why the purported new evidence could not have been obtained sooner and since it appears that Franklin knew who he was mistaken for prior to his conviction, Franklin has failed to offer clear and convincing proof that he was unavoidably prevented from discovering the purported newly discovered evidence.

¶{22} Consequently, as the untimely motion for new trial based on newly discovered evidence did not satisfy Crim.R. 33's requirements for an untimely motion for new trial, the trial court did not abuse its discretion in denying the motion. This assignment of error has no merit.

<u>SECOND AND THIRD ASSIGNMENTS OF ERROR</u>

¶{23} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT HOLD AN EVIDENTIARY HEARING ON MR. FRANKLIN'S MOTION FOR NEW TRIAL. JUDGMENT ENTRY, MAHONING COMMON PLEAS CASE NO. 06 CR 155 (MAY 4, 2009); CRIM.R. 33."

¶{24} "THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING MR. FRANKLIN'S MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE. JUDGMENT ENTRY, MAHONING COMMON PLEAS CASE NO. 06 CR 155 (MAY 4, 2009); CRIM.R. 33."

¶{25} Due to our resolution of the first assignment of error, these assignments of error are rendered moot.

## CONCLUSION

¶{26} While Franklin's motion for a new trial did not have to specifically request leave to file an untimely motion for new trial based on newly discovered evidence, the motion was required to show that he was unavoidably prevented from discovering the purported newly discovered evidence. His motion failed to satisfy that requirement. Thus, the trial court did not abuse its discretion in denying the untimely motion for new trial.

¶{27} For the foregoing reasons, the judgment of the trial court is hereby affirmed.


Donofrio, J., concurs.
Waite, J., concurs.