[Cite as *State v. Shakoor*, 2010-Ohio-6386.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   10 MA 64 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| JAMAL SHAKOOR, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from Common Pleas
Court, Case No. 00CR76.

JUDGMENT:                                        Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                         Attorney Paul Gains
Prosecuting Attorney
Attorney Ralph Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:                    Jamal Shakoor, *Pro se*
#407-466
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio  44430

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  December 22, 2010

VUKOVICH, P.J.

¶{1}   Defendant-appellant Jamal Shakoor appeals the Mahoning County Common Pleas Court's decision denying his motion for leave to file an untimely motion for new trial based on newly discovered evidence.   Shakoor argues that his motion adequately demonstrated that he was unavoidably prevented from discovering within the time limits set by Crim.R. 33(B) purported new evidence (i.e. Tori Griffin's 2009 affidavit that recanted her prior testimony).   He asserts that the date of the affidavit and Griffin's indication that she is currently residing out of state support his position that he was unavoidably prevented from discovering her affidavit.   He further contends that an affidavit from Griffin attached to the appellate brief asserting that she relocated immediately following the trial and that Shakoor could not contact her also supports his position.   Consequently, he contends that the trial court abused its discretion when it denied his motion for leave.

¶{2}   The state conversely contends that the motion does not show that Shakoor was unavoidably prevented from discovering the new evidence.   Alternatively it argues that even if he was unavoidably prevented from discovering Griffin's recantation, he did not file the motion within a reasonable time of the discovery of the alleged recantation.

¶{3}   Considering the pertinent case law, the motion for leave, and Griffin's affidavit attached to it, we find that the trial court did not abuse its discretion in denying the motion.   Neither the motion for leave nor Griffin's affidavit explains why the recantation could not have been discovered within the time limits set by Crim.R. 33(B). The date of the motion and Griffin's indication that she is not living in state, without further explanation, does not show Shakoor was unavoidably prevented from timely discovering the recantation.  That said, we acknowledge that Griffin's affidavit attached to the appellate brief could possibly provide a reason why Griffin's move to another state prevented Shakoor from discovering her recantation.  However, that affidavit and its claims were not before the trial court and cannot be considered by this court.  But, even if we were able to consider the claims, the affidavit contains false statements and raises questions concerning the credibility of Griffin's recantation of her trial testimony. Thus, the judgment of the trial court is affirmed.

STATEMENT OF CASE

**¶{4}** On June 14, 2001, Shakoor was convicted by a jury for the murder of Benjamin Reeves. Shakoor admitted to shooting Reeves and his taped confession was admitted into evidence at trial. Griffin was the only eye witness to the murder and at trial she testified that Reeves did not initiate a confrontation with Shakoor, Reeves did not a have a gun on his person at the time of the shooting, and Shakoor shot Reeves multiple times. *State v. Shakoor*, 7th Dist. No. 01CA121, 2003-Ohio-5140. (Tr. 70-71, 74). She also testified that prior to trial, Shakoor asked her to change her testimony to say that Reeves had a gun on his person during the shooting and that she took the gun from Reeves' hand and put it in the car where it was found. (Tr. 74).

**¶{5}** Shakoor appealed his conviction, which we affirmed. Id. In that appeal he raised issues regarding speedy trial, suppression, discovery, admission of evidence, failure to instruct the jury on the inferior offense of voluntary manslaughter, the defense of self-defense, reasonable doubt, and cumulative error.

**¶{6}** Roughly five years following our decision, Shakoor filed a Motion to Vacate Sentence and Void Conviction. 10/20/08 Motion. This motion asserted many arguments, one of which was that Griffin was threatened by the prosecutor to testify in a manner that was consistent with the statements she gave to the police at the scene of the murder. Attached to the motion is an affidavit from Shakoor claiming that he was defending himself when the shooting occurred; Reeves pulled a gun on him. Also attached is an affidavit from Griffin dated June 12, 2008, in which she avows that a confrontation occurred between Reeves and Shakoor, Reeves pulled a gun on Shakoor, and Shakoor shot Reeves several times. She claims she took Reeves' gun, wiped it off as much as she could and stuck it in the armrest of Reeves' car. She asserts she told the police "the incorrect circumstances of the murder" at the scene of the crime and that when she tried to tell the prosecutor the truth, he told her that if she did not testify in conformity to her statement to the police, she would be prosecuted.

**¶{7}** After the state responded to the motion asserting that it was an untimely motion for post-conviction under R.C. 2953.21, the trial court denied the motion. 12/03/08 J.E. Shakoor then attempted to appeal that decision; however, the appeal was dismissed sua sponte by this court as untimely. 03/02/09 09MA27 J.E. He attempted to file a delayed appeal of that decision to the Ohio Supreme Court, but it was also denied. *State v. Shakoor*, 122 Ohio St.3d 1475, 2009-Ohio-3625.

¶{8}    Thereafter, on December 16, 2009, Shakoor filed a motion for leave to file an untimely Motion for New Trial based on newly discovered evidence.  His motion was based on the alleged newly discovered evidence from Griffin, her recantation of her trial testimony.  Her affidavit dated November 17, 2009 is attached to the motion.  This affidavit is nearly identical to the affidavit attached to the October 2008 Motion to Vacate Sentence and Void Conviction.

¶{9}    The state opposed the motion asserting that the affidavit and motion failed to offer an explanation as to why the affidavit could not have been obtained sooner.   Alternatively, it argued that since the June 2008 affidavit attached to the October 2008 motion was almost identical to the November 2009 affidavit attached to the December 2009 motion for leave to file an untimely motion for new trial, the motion for leave was not filed within a reasonable time of discovering the recanted testimony; the motion was filed over a year after discovering the recanted testimony.

¶{10}  After reviewing the party's motions concerning the motion for leave, the trial court denied the motion.  It found that Shakoor was not unavoidably prevented from discovering the new evidence he claims in the motion for leave and the substance of the motion "failed to substantiate his clear and convincing obligation to have filed a timely motion in the exercise of reasonable diligence."  03/17/10 J.E.

¶{11}  Shakoor timely appeals from that decision.

JURISDICTION

¶{12}  Prior to addressing the assignment of error, it is noted that currently pending before the Ohio Supreme Court is the Fifth Appellate Court's decision in *State v. Davis*, 5th Dist. No. 09CA0019, 2009-Ohio-5175.   In *Davis*, the appellate court found that the trial court was correct when it denied appellant's motion requesting leave to file a motion for new trial based on newly discovered evidence because the trial court lacked jurisdiction to rule on any Crim.R. 33 motion since the conviction was already affirmed on appeal by the appellate court.  The Ohio Supreme Court accepted the following issue for review:

¶{13}  "When the issue to be decided by the trial court does not fall within the judgment on appeal, the trial court retains jurisdiction to decide the motion before it.  Further, to meet due process, a trial court must be able to consider a motion for a new trial based on newly discovered evidence even after an appeal has been taken.  U.S.

Const. Amend. XIV." *State v. Davis*, 124 Ohio St.3d 1442, 2010-Ohio-188; Davis' Jurisdictional Memorandum.

¶{14} Recently, we have stated that we disagree with the Fifth Appellate District's determination in *Davis* that the trial court lacked jurisdiction to decide the Crim.R. 33 motion for new trial because the conviction had already been affirmed on appeal. *State v. Franklin*, 7th Dist. No. 09MA96, 2010-Ohio-4317, ¶12. We explained that in the context of newly discovered evidence, due process requires a new trial motion to be reviewed. Id. Moreover, we noted that Crim.R. 33 contemplates the situation where a defendant is entitled to file an untimely motion for new trial based on newly discovered evidence, i.e. when a defendant is unavoidably prevented from discovering the newly discovered evidence. Id. Such contemplation indicates that a motion for new trial based on newly discovered evidence may be filed after a decision has been rendered on appeal. Id.[1]

### ASSIGNMENT OF ERROR

¶{15} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT IMPROPERLY DENIED APPELLANT'S MOTION FOR LEAVE TO FILE A DELAYED NEW TRIAL MOTION PURSUANT TO CRIM.R. 33, NEWLY DISCOVERED EVIDENCE, IN VIOLATION OF ARTICLE I, SECTION 5 & 16, OF THE OHIO CONSTITUTION."

¶{16} Crim.R. 33(B) provides a mechanism for allowing a new trial motion based on newly discovered evidence to be reviewed by the trial court beyond the prescribed one hundred twenty day time limit. The petitioner is to file a motion for leave. *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, ¶16. In that motion for leave, the petitioner is required to show by clear and convincing proof that he has been unavoidably prevented from discovering, within the one hundred twenty day time limit, the evidence that he is relying on to support his motion for new trial. Id.; Crim.R. 33(B). That means the party had no knowledge of the existence of the ground supporting the motion and could not have learned of the existence of that ground within the prescribed time limit through the exercise of reasonable diligence. *Parker*, supra, at ¶16, quoting *State v. Walden* (1984), 19 Ohio App.3d 141, 145-146.

---

[1]Even if we are incorrect and the trial court did not have jurisdiction, given our resolution of the merits, the result is the same; Shakoor was not entitled to a new trial.

¶{17} We review a Crim.R. 33(B) motion for leave to file a motion for new trial under an abuse of discretion standard of review. *State v. Pinkerman* (1993), 88 Ohio App.3d 158, 160. Thus, unless we find that the court's attitude was unreasonable, arbitrary or unconscionable, we must affirm the court's decision. *State v. Adams* (1980), 62 Ohio St.2d 151, 157.

¶{18} In the motion for leave, Shakoor asserts that Griffin's affidavit shows that she perjured herself and that her testimony was the product of the state's coercion. He also states that since the trial in 2001, Griffin has maintained a residence in Georgia.

¶{19} Griffin's affidavit attached to the motion states she did not accurately tell police what happened when Shakoor shot Reeves. She asserts that what really happened was that Reeves pulled a gun on Shakoor and after Reeves was shot she wiped the gun off and put it in Reeves' car. She states that Reeves was the aggressor and shot at Shakoor first. She claims to have told the prosecutor the accurate versions of events, but was informed that she was to testify in conformity with her statement to police or she would be prosecuted. She additionally indicates that she is currently residing in Georgia.

¶{20} In neither the motion nor the affidavit is there a clear explanation as to why Shakoor was unavoidably prevented from discovering the recantation. The only two arguable indications of being unavoidably prevented from discovering the recantation would be the date of the affidavit, which was November 12, 2009, and the fact that Griffin was residing in Georgia.

¶{21} Starting with the date of the affidavit, recent decisions from our sister districts have expressly concluded that an affidavit signed outside Crim.R. 33's one hundred twenty day time limit does not necessarily offer clear and convincing proof that the movant was unavoidably prevented from obtaining the evidence within the time limit. *State v. Jackson*, 3d Dist. No. 14-04-11, 2004-Ohio-5103, ¶8-9; *State v. Williams,* 12th Dist. No. CA2003-01-001, 2003-Ohio-5873, ¶21; *State v. Fortson,* 8th Dist. No. 82545, 2003-Ohio-5387, ¶11. Recently, we have favorably cited these decisions and have concluded that the use of an affidavit signed outside Crim.R. 33(B)'s time limit that fails to offer any reason why it could not have been obtained sooner is not adequate to show by clear and convincing proof that the movant was unavoidably prevented from obtaining the evidence within the prescribed time period. *Franklin*, 7th Dist. No. 09MA96, 2010-Ohio-4317, ¶19-20. The burden is on the

movant to show how he was unavoidably prevented from timely discovering the evidence; the court is "not required to make suppositions about the reasons for the delay." *Fortson,* supra, at ¶12.

¶{22} Likewise, the above cases also indicate that Griffin's indication that she is living in Georgia does not show that Shakoor was unavoidably prevented from timely discovering her recantation. There is no indication in the motion or in the affidavit as to why her living in Georgia prevented Shakoor from contacting her and discovering the recantation prior to November 2009.

¶{23} That said, it is acknowledged that in his appellate brief, Shakoor claims that immediately following the 2001 trial Griffin moved to Georgia and left no forwarding address or information how to contact her. It was not until eight years after the trial, that "her trauma level reduced to the point that she felt she could initiate contact with Mr. Shakoor." Appellate Brief. Attached to the brief is an affidavit from her dated May 1, 2010. In it she states that she left after the 2001 trial and moved to Georgia. She indicates that no one she had been in contact with contacted Shakoor and that he did not know how to contact her in Georgia. She claims that she did not contact Shakoor until November 2008, when she wrote to him in prison. She asserts that Shakoor did not receive her affidavit in which she recanted her trial testimony until November 2009.

¶{24} It is possible that his brief and her May 1, 2010 affidavit may provide a basis for his claim of being unavoidably prevented from discovering the recantation. However, it does not provide a basis for reversing the trial court's decision. The claims in the appellate brief about her trauma level and contacting Shakoor, and her claims in the affidavit as to when she contacted Shakoor, were not presented to the trial court. An appellate court can only consider the record as it was presented to the trial court. *State v. Ishmail* (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.

¶{25} However, even if we could consider the May 1, 2010 affidavit it does not provide clear and convincing evidence that he was unavoidably prevented from discovering the recantation. The Sixth Appellate District has explained:

¶{26} "On a motion for new trial based upon grounds of newly discovered evidence, the trial court, when considering the recantation of the prosecution's primary witness, must make two findings: (1) which of the contradictory testimonies of the recanting witness is credible and true, and if the recantation is believable; (2) would

the recanted testimony have materially affected the outcome of the trial?" *City of Toledo v. Easterling* (1985), 26 Ohio App.3d 59, paragraph three of the syllabus.

¶{27} As such, the trial court may weigh the credibility of the affidavits submitted in support of a motion for a new trial to determine whether to accept the statements in the affidavit as true. *State v. Rodriguez*, 12 Dist. No. CA2008-07-162, 2009-Ohio-4460, ¶76; *State v. Taylor*, 8th Dist. No. 88020, 2007-Ohio-825, ¶25; *State v. Beavers,* 166 Ohio App.3d 605, 2006-Ohio-1128, ¶20-21. In assessing the credibility of an affidavit, the trial court should consider all relevant factors. *Beavers*, supra, at ¶20 Those factors include, "(1) whether the judge reviewing the post-conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony." Id., quoting *State v. Calhoun* (1999)*,* 86 Ohio St.3d 279, 285.

¶{28} Here, the trial court could have easily determined Griffin's affidavit testimony incredible. The trial judge determining the motion for leave was the same judge that presided over the 2001 trial. At trial, Griffin testified that Shakoor attempted to have her change her statement. (Tr. 74). He told her to tell the prosecutor that Reeves had a gun on his person during the altercation and that after Reeves was shot she took the gun out of Reeves' hand and put it in his car. (Tr. 74). She also testified about a letter Shakoor wrote her asking her to change her testimony. He wanted her to write a letter to the prosecutor, judge and defense counsel recanting her prior statement to police. In his letter to her he told her what to write in the letter he wanted her to write. (Tr. 82). Considering her testimony concerning Shakoor attempting to get her to change her statement of what happened and that it is drastically similar to her June 2008 affidavit attached to the October 2008 Motion to Vacate Sentence and Void Conviction and her November 2009 affidavit attached to the Motion for Leave, it raises suspicion as to the credibility of her affidavit.

¶{29} Furthermore, her credibility is also questionable considering two statements she made in the May 1, 2010 affidavit. She stated in that affidavit that she did not contact Shakoor from the time of the 2001 trial until November 2008 and that Shakoor did not receive her affidavit in which she recanted her trial testimony until November 2009. These statements are clearly false. As aforementioned, attached to the October 2008 Motion to Vacate Sentence and Void Conviction is an affidavit from Griffin dated June 2008. In that affidavit she recanted her trial testimony. Those filings conclusively show that she was in contact with Shakoor prior to November 2008 and he knew of her recantation prior to November 2009.

¶{30} Thus, even if we could consider the May 2010 affidavit, the trial court's decision that Shakoor did not provide clear and convincing evidence that he was unavoidably prevented from discovering the recantation was not an abuse of discretion. This assignment of error is without merit.

¶{31} For the foregoing reasons, the judgment of the trial court is hereby affirmed.


Donofrio, J., concurs.
Waite, J., concurs.