**[Cite as *State v. Webb*, 2013-Ohio-5616.]**

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 13CA84 |
| ANTHONY WEBB | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Criminal appeal from the Richland County
                            Court of Common Pleas, Case No. 2007-
                            CR-327D

JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     December 18, 2013

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JOHN C. NIEFT                       ANTHONY WEBB
Assistant Prosecuting Attorney      # 524-652
38 South Park Street                Southern Ohio Correctional Facility
Mansfield, OH 44902                 Box 45699
                                    Lucasville, OH 45699

*Gwin, P.J.*

{¶1} Defendant-appellant Anthony D. Webb appeals the September 3, 2013 judgment entry of the Richland County Court of Common Pleas overruling his motion for leave to file a motion under Criminal Rule 33(B) for a new trial. Plaintiff-appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On March 22, 2006, appellant and his brother were outside a residence in Mansfield, Ohio, in a gray Chevrolet Caprice. The vehicle turned left on Flint Street and, seconds later, shots were fired. Travis Harris ("Harris"), who was standing in front of the residence, died as a result of a gunshot wound. On April 5, 2007, appellant was indicted on one count of aiding and abetting an aggravated murder with a firearm specification in violation of R.C. 2903.01 and R.C. 2941.145. A jury trial was held beginning on April 26, 2007.

{¶3} During the trial, appellee called eighteen witnesses and appellant called two witnesses. One of the witnesses called by the State of Ohio during the trial was Devonte Gafford ("Gafford"), who implicated appellant in the crime. Gafford was sixteen (16) years old at the time of the trial. Gafford testified he saw appellant obtain a gun, shoot towards Harris, and dispose of the gun after the shooting. Gafford advised the trial court and the jury that he had participated in the plea negotiation process and, in exchange for his truth testimony at appellant's trial, he would not be bound over to adult court in his own criminal case. The jury found appellant not guilty of aiding and abetting aggravated murder, but guilty of aiding and abetting murder. The jury further found appellant not guilty of the firearm specification. In a May 3, 2007 judgment entry, the

trial court sentenced appellant to fifteen years to life in prison. This Court affirmed appellant's conviction and sentence in *State v. Webb*, 5th Dist. Richland App. No. 07CA43, 2008-Ohio-901.

{¶4} On March 15, 2010, appellant filed a petition to vacate or set aside the judgment of conviction or sentence, claiming his trial counsel was ineffective for failing to pursue a potential witness on his behalf. The trial court denied appellant's petition on May 4, 2010. We affirmed the trial court's denial of appellant's petition to vacate in *State v. Webb*, 5th Dist. Richland No. 10CA67, 2010-Ohio-5499.

{¶5} Appellant filed a motion for leave to file a motion for new trial pursuant to Criminal Rule 33(B) on July 25, 2013, claiming that Gafford recanted his trial testimony. In support of his motion, appellant offered the affidavit of Gafford, which appellant argues directly contradicts the testimony Gafford offered during trial. Gafford's affidavit states that police and detectives pressured him to implicate defendant in the shooting death of Harris and that appellant had nothing to do with the shooting death of Harris. Gafford's affidavit was notarized on June 30, 2011. Appellant asserts the affidavit constitutes new evidence that he was unavoidably prevented from discovering prior to trial.

{¶6} Also attached to appellant's motion was his own affidavit, stating that he was advised by his trial counsel that the trial counsel attempted to speak to Gafford prior to trial, but Gafford refused to speak with him. Further, that appellant and Gafford could not contact each other prior to or during the trial because Gafford was housed in a juvenile detention center and Gafford in jail. Appellant finally states in his affidavit that since he was indigent, he reached out to the Ohio Innocence Project ("OIP"). Appellant

also submitted an affidavit from Donald Caster of the OIP stating that they received Gafford's affidavit and two previous affidavits by witnesses Christopher Webb and Terrance Bluester. Appellant attached two letters from the OIP to his motion. One letter was dated September 3, 2010 and stated that the OIP could not accept his case. The second letter was dated January 24, 2013, and informed appellant about the OIP's new office hours.

{¶7} The State of Ohio filed a response to appellant's motion. On July 30, 2013, the trial court set a non-oral hearing on appellant's motion for August 30, 2013. In a judgment entry dated September 3, 2013, the trial court overruled appellant's motion. The trial court noted that the State of Ohio called eighteen witnesses at trial and that appellant has always known about Gafford because he was called as a witness at trial and was subject to cross-examination by counsel for appellant. Further, that appellant provided no explanation for the two-year delay between the time he received the information from Gafford in written form and the time the motion was filed and thus the evidence was not "newly discovered." Finally, the trial court found that the information contained in Gafford's affidavit merely impeaches former testimony and evidence.

{¶8} Appellant appeals the September 3, 2013 judgment entry of the Richland County Court of Common Pleas, assigning the following as error:

{¶9} "THE TRIAL COURT ABUSED THEIR DISCRETION WHEN THEY OVERRULED ON APPELLANT'S MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL."

I.

{¶10} A trial court's decision to grant or deny a motion for leave to file a delayed motion for new trial will not be reversed on appeal absent an abuse of discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶11} In this case, appellant bases his motion on allegedly newly discovered evidence. Criminal Rule 33(B) provides that motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered or from the trial court's decision unless "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely." Criminal Rule 33(B). Thus, an untimely motion for a new trial based on newly discovered evidence must show, by clear and convincing proof, that the defendant was unavoidably prevented from discovering the new evidence. *State v. Tyson*, 5th Dist. Stark No. 2008-CA-00068, 2009-Ohio-104. Clear and convincing proof is that "which will produce in the mind of the trier of facts a firm belief of conviction as to the facts sought to be established." *Schiebel*, 55 Ohio St.3d at 74.

{¶12} In *State v. Petro*, the Supreme Court of Ohio held the following:

To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence: (1) discloses a strong possibility that it will change the result if a new trial is granted, (2)

has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

148 Ohio St. 505, 76 N.E.2d 370, syllabus (1947).

{¶13} Appellant asserts in his affidavit that he contacted the Ohio Innocence Project because he was indigent. Appellant further attached an affidavit from a staff member of the Ohio Innocence Project stating appellant sent them Gafford's notarized affidavit. Appellee argues appellant did not file his motion within a reasonable time of the discovery of the alleged recantation. We agree with appellee.

{¶14} "If there has been an undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay." *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397. In this case, Gafford's affidavit was notarized on June 30, 2011 and appellant waited over two years to file his motion for leave on July 25, 2013. Appellant's motion and affidavit fail to provide an explanation as to why it was reasonable for him to wait an additional two years to file his motion for leave after obtaining Gafford's affidavit and instead only state that he contacted the OIP because he was indigent. Appellant attached a letter from the OIP dated September 3, 2010, indicating they would not represent him. The letter supplied by appellant dated January of 2013 from the OIP simply provides the revised office hours of the OIP to appellant with no indication appellant sent them Gafford's

affidavit or that they agreed to represent him in the matter. While the affidavit from Donald Caster of the OIP states appellant sent them Gafford's affidavit, appellant fails to set forth any evidence as to when he sent them the information, that they agreed to represent him in this matter, or how any communication with OIP made it reasonable for him to wait two years to file his motion for leave after Gafford's affidavit was notarized. Accordingly, we find the trial court did not abuse its discretion when it found appellant's motion to be untimely because appellant provided no explanation for the two-year delay between the time he received the information from Gafford in written form in June of 2011 and the time the motion was filed in July of 2013.

{¶15} Even if the time between the filing of the motion for leave and the notarization of Gafford's affidavit was reasonable, appellant also fails to show by clear and convincing proof that he was unavoidably prevented from timely discovery of the newly discovered evidence. In his affidavit, appellant asserts Gafford's affidavit is newly discovered because appellant's trial counsel could not speak with Gafford prior to trial and because Gafford and appellant could not speak with each other prior to or during trial because Gafford was incarcerated in the custody of the Department of Youth Services and Gafford in jail. We disagree.

{¶16} Neither the affidavit of Gafford nor the affidavit of appellant provides any explanation as to why the information contained in Gafford's affidavit could not have been provided within the one hundred and twenty day time limit contained in Criminal Rule 33(B). In particular, the affidavits submitted fail to explain how Gafford's recantation came to light or why there was such a long delay in obtaining it. The mere fact of Gafford or appellant's incarceration does not amount to clear and convincing

evidence that he was unavoidably prevented from discovering the evidence within the time limit. *State v. Parker*, 178 Ohio App.3d 574, 577-78, 899 N.E.2d 183 (2nd Dist. 2008). The phrases "unavoidably prevented" and "clear and convincing proof" do not allow one to claim that evidence was undiscoverable simply because an affidavit was not obtained sooner. *State v. Williams*, 12th Dist. No. CA2003-01-001, 2003-Ohio-5873. The affidavits of Gafford and appellant do not state any reason as to why Gafford failed to recant his testimony for over four years after appellant's conviction.

{¶17} Further, "whether evidence was unavailable to an accused at trial is, to some extent, to be determined by whether the source of the evidence was available for examination or cross-examination by the accused [sic] at trial." *State v. Woodson*, 5th Dist. Stark No. 2011-CA-264, 2012-Ohio-2163. While appellant contends neither he nor his counsel was able to contact Gafford prior to or during trial, it is clear that appellant and his counsel knew the whereabouts of Gafford. In response to a motion made by appellant requesting the whereabouts of Gafford, the State of Ohio provided in an April 18, 2007 written response that Gafford was "housed in Indian River Correctional Facility in Massillon, Ohio." While appellant claims he and his trial counsel could not communicate with Gafford prior to or during the trial, appellant's trial counsel had the opportunity to extensively cross-examine Gafford during the trial and thus had ample opportunity to discover whether he was coerced by the State of Ohio into falsely implicating appellant. If Gafford offered false testimony regarding appellant, appellant would have been aware of his dishonesty and been able to question him on that issue. Gafford stated he understood and voluntarily participated in the plea negotiation process and that as a result of his truthful testimony in appellant's case, he would not be

bound over as an adult in his own criminal case. Despite the cross-examination by counsel for appellant, Gafford maintained his testimony that he saw appellant obtain a gun, shoot towards Harris, and dispose of the gun after the shooting. There is no reason why appellant could not have attempted to impeach Gafford's testimony and credibility on this point at trial. The trial court did not abuse its discretion in finding appellant failed, by clear and convincing proof, to demonstrate he was unavoidably prevented from discovering the new evidence.

{¶18} Accordingly, we find the motion and affidavits fail to show appellant was unavoidably prevented from discovering the new evidence, or alternatively, even if appellant was unavoidably prevented from discovering Gafford's recantation, he did not file the motion within a reasonable time of the discovery of the alleged recantation.

{¶19} The trial court determined even if it were to consider the affidavit, it would not support a finding appellant was entitled to a new trial. We agree. When reviewing a motion for new trial upon the ground of newly discovered evidence in the form of a recantation of a prosecution witness, the trial court must make two findings: "(1) which of contradictory testimonies of the recanting witness is credible and true, and if the recantation is believable; (2) would the recanted testimony have materially affected the outcome of the trial?" *City of Toledo v. Easterling*, 26 Ohio App.3d 59, 498 N.E.2d 198 (6th Dist. 1985). As such, the trial court may weigh the credibility of the affidavits submitted in support of a motion for new trial to determine whether to accept the statements in the affidavit as true. *State v. Shakhoor*, 7th Dist. Mahoning No. 10 MA 64, 2010-Ohio-6386. "A trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally

inconsistent, thereby weakening the credibility of the testimony." *Id.* Newly discovered evidence which purportedly recants testimony given at trial is "looked upon with the utmost suspicion" and must do more than simply impeach or contradict evidence at trial. *State v. Monk*, 5th Dist. Knox No. 03CA12, 2003-Ohio-6799, quoting *State v. Isham*, 2nd Dist. Montgomery No. 15976, 1997 WL 24794 (Jan. 24, 1997); *State of Ohio v. Fortson*, 8th Dist. Cuyahoga No. 82545, 2003-Ohio-5387.

{¶20} While Gafford states he was pressured into testifying against appellant, he provides nothing in support of that contention or any specifics as to the individuals who pressured him into his testimony. As in *State v. Davis*, 5th Dist. Ashland No. 02COA9, 2002-Ohio-5286, the same judge that presided over appellant's trial reviewed and ruled on the motion for new trial and determined Gafford's recantation was not credible. As noted above, in his trial testimony, Gafford advised the court and jury he voluntarily participated in the plea negotiation process and, in exchange for his truthful testimony during appellant's trial, he would not be bound over to adult court in his own criminal case. Appellant's trial counsel had the opportunity to elicit contradictory testimony from Gafford during cross-examination, including an opportunity to reveal the allegations contained in the July 2011 affidavit. However, Gafford maintained his testimony of seeing appellant obtain the gun, shooting towards Harris, and disposing of the gun. The State provided, in their response to appellant's motion, affidavits from the two chief investigators in the case who had frequent contact with Gafford during the investigation and Gafford's trial attorney all disputing the truthfulness and credibility of Gafford's 2011 affidavit. Accordingly, we find the trial court did not abuse its discretion when it

determined that even if it were to consider the affidavit, it would not support a finding appellant was entitled to a new trial.

{¶21} Based on the foregoing, we overrule appellant's assignment of error and affirm the September 3, 2013 judgment entry of the Richland County Court of Common Pleas.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

WSG:clw 1206

[Cite as *State v. Webb*, 2013-Ohio-5616.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
              Plaintiff-Appellee       :
                                       :
                                       :
                                       :
-vs-                                   :         JUDGMENT ENTRY
                                       :
ANTHONY WEBB                           :
                                       :
                                       :
              Defendant-Appellant      :         CASE NO. 13CA84


        For the reasons stated in our accompanying Memorandum-Opinion, the September

3, 2013 judgment entry of the Richland County Court of Common Pleas is affirmed.

Costs to appellant.




                                       _____
                                       HON. W. SCOTT GWIN



                                       _____
                                       HON. WILLIAM B. HOFFMAN



                                       _____
                                       HON. SHEILA G. FARMER