OPINION
{¶ 1} Defendant-appellant, Eric A. Jackson, (hereinafter, "Jackson"), appeals from judgment of conviction and sentence of the Common Pleas Court of Union County entered on a jury verdict in which Jackson was found guilty of one count of Aggravated Murder with a firearm specification and one count of Unlawful Possession of Dangerous Ordnance.
 {¶ 2} It is undisputed that on October 15, 2002, Jackson shot his mother, Donna Levan ("Levan"), with a sawed-off twelve-gauge shotgun. The shooting occurred in the parking lot of Levan's place of employment, the Heartland of Marysville Nursing and Rehabilitation Center, in Union County, Ohio. There were no witnesses to the shooting. Following the shooting, Jackson drove away from the scene, but he was shortly thereafter pulled over and arrested by a Union County Sheriff's deputy. Levan died nine days after the shooting.
 {¶ 3} On October 24, 2002, following Levan's death, Jackson was indicted and charged with one count of Aggravated Murder, in violation of R.C. 2903.01(A), a felony of the first degree, with a firearm specification, and Unlawful Possession of Dangerous Ordnance, in violation of R.C. 2923.17, a felony of the fifth degree.
 {¶ 4} Pertinent to this appeal, Jackson entered written pleas of not guilty and not guilty by reason of insanity to the charge of aggravated murder. See Crim.R. 11(A). Jackson was deemed competent to stand trial by the court-appointed psychiatrist and the matter was set for a jury trial.
 {¶ 5} On June 26, 2003, the jury returned a verdict finding Jackson guilty on all charges. Jackson was sentenced to consecutive prison terms of three (3) years for the firearm specification and twenty (20) years for aggravated murder. Jackson was also sentenced to one (1) year in prison for unlawful possession of dangerous ordnance, to be served concurrently with the aggravated murder conviction. In aggregate, Jackson was sentenced to twenty-three (23) years in prison.
 {¶ 6} Jackson now appeals the judgment of the trial court and sets forth one assignment of error for our review.
ASIGNMENT OF ERROR NO. I
 A criminal defendant's right to a fair trial is violated whenthe State gratuitously and repeatedly presents gruesome images ofa crime scene designed solely to inflame the passions of thejury. (Exhibits 8, 9, 38, 39, 42, 43, 44, 45, 46, 47, 48).
 {¶ 7} In this assignment of error, Jackson asserts the trial court erred by admitting eleven photographs (state's exhibits 8, 9, 38, 39, 42, 43, 44, 45, 46, 47, 48) into evidence. Jackson maintains that because the cause of Levan's death was known and because there was sufficient witness and doctor testimony regarding Levan's injuries, that the photographs were not probative of the charge of aggravated murder, i.e., that he acted with "prior calculation and design" when he shot and killed Levan. See R.C. 2903.01(A). Jackson further asserts that by being admitted into evidence, the photographs improperly influenced the passions of the jury.
 {¶ 8} Despite Jackson's assertion, the record indicates that exhibits 44, 45, 46, and 47 were not admitted into evidence and were not published to the jury. Jackson's assignment of error will therefore be limited to determining the admissibility of the photographic exhibits numbers 8, 9, 38, 39, 42, 43, and 48. We will review these exhibits under two separate analysis. Defense counsel did not object to exhibits 8, 9, 38, 39, accordingly, a review thereof will be conducted using a plain error standard of review. See Crim.R. 52(B). We, will however, begin with a review of exhibits 42, 43, and 48 which were objected to by defense counsel and, accordingly, will be reviewed under an abuse of discretion standard.
 {¶ 9} It is well settled that the admission of photographs is left to the discretion of the trial court. State v. Smith,80 Ohio St.3d 89, 108, 1997-Ohio-355. "The trial court has broad discretion in the admission * * * of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, this court should be slow to interfere." State v. Hymore (1967), 9 Ohio St.2d 122, 128. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. A trial court may reject a photograph, otherwise admissible, due to its inflammatory nature if on balance the unfair prejudice to the defendant substantially outweighs its probative value. See Evid.R. 403(A) and (B).[1]
 {¶ 10} Exhibits 42, 43, and 48 are autopsy photographs and depict a close-up view of Levan's injuries. Although these particular photographs are graphic, they were the only autopsy photographs of Levan's injuries admitted by the trial court. In fact, the trial court denied the state's attempt to submit four other autopsy photographs into evidence. For the reasons which following, we find that the trial court did not abuse its discretion in admitting these exhibits into evidence.
 {¶ 11} First, it was necessary for the state to prove each element of the offense of aggravated murder beyond a reasonable doubt because Jackson entered written pleas of not guilty by reason of insanity and not guilty to the charge of aggravated murder. R.C. 2903.01(A), in pertinent part, provides that anyone who "purposely, and with prior calculation and design, causes the death of another" is guilty of aggravated murder. Accordingly, because the state had the burden of proving that the killing was done "purposely" and with "prior calculation and design," evidence of the injuries sustained by Levan, the cause of Levan's death, and the proximity of the shooting, are all probative of Jackson's purpose and design to cause her death. See State v.Gaither (April 27, 1987), 12th Dist. No. CA 84-08-098; see alsoState v. Skaggs (June 21, 1984), 8th Dist. No. 47624.
 {¶ 12} Second, "[a]lthough a trial court may reject a photograph, otherwise admissible, due to its inflammatory nature * * * the mere fact that a photograph is gruesome or horrendous is not sufficient to render it per se inadmissible." Gaither,
supra, citing State v. Maurer (1984), 15 Ohio St.3d 239,264-265 and State v. Woodards (1966), 6 Ohio St.2d 14, 25. While these photographs are graphic, we find that they are not overly gruesome to a degree such as to improperly ignite the passion or prejudice of the jury. See Gaither, supra.
 {¶ 13} Last, even if Jackson had stipulated to the fact that he caused the death of Levan, the Ohio Supreme Court has held that "[t]he fact that appellant stipulated the cause of death does not automatically render * * * photographs inadmissible."State v. Maurer (1984), 15 Ohio St.3d 239, at 265.
 {¶ 14} We find that on balance, the total probative value of exhibits 42, 43, and 48 were not outweighed by the danger of prejudicial effect upon Jackson. Accordingly, the trial court did not abuse its discretion in admitting them into evidence.
 {¶ 15} As to exhibits 8, 9, 38 and 39, because defense counsel did not object to the admission of these photographs, allegations of their admissibility were not properly preserved for appeal and are waived. State v. Wogenstahl (1996),75 Ohio St.3d 344. We must, therefore, review the admission of these exhibits under a plain error standard. See Crim.R. 52(B). Under a plain error analysis, a reviewing court must find that: (1) there was an error; (2) that the error is an obvious defect in the trial proceedings, and; (3) that the error must have affected a substantial right of the appellant, which has been interpreted to mean that the trial court's error must have affected the outcome of the trial. State v. Barnes, 94 Ohio St.3d 21,2002-Ohio-68.
 {¶ 16} We recognize plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Landrum (1990),53 Ohio St.3d 107. We do not find that exhibits 8 and 9 are either inflammatory in nature or that they improperly affected the outcome of the trial. These two exhibits depict the exterior of Jackson's car after the shooting. While there appears to be a few very small spots of blood on the automobile in these two photographs, these exhibits do not appear that they would cause unfair prejudice against Jackson.
 {¶ 17} Exhibits 38 and 39 depict Levan lying in the parking lot immediately following the shooting. Levan's injuries from the shotgun are readily apparent in the photographs. Again, because the state had the burden of proving each element of aggravated murder, the photographs of the crime scene and the injuries sustained by Levan immediately following the shooting are probative of Jackson's purpose and design to cause the death of Levan.
 {¶ 18} After a careful review of exhibits 8, 9, 38, and 39, we find neither that these photographs are unfairly prejudicial nor that their admission created an error or obvious defect in the trial proceedings. Moreover, because of the overwhelming evidence against Jackson, the admission of exhibits 8, 9, 38, and 39 into evidence were not likely to have ultimately swayed the jury or affected the outcome of the trial. Jackson's assignment of error as to exhibits 8, 9, 38 and 39, therefore, does not pass a plain error analysis.
 {¶ 19} Jackson's assignment of error as to all eleven exhibits is, therefore, overruled.[2]
 Appellee's Cross Assignment of Error
 {¶ 20} Within its brief to this court, the state asserts the following "cross assignment of error":
The trial court erred in sentencing the defendant to `twenty years' imprisonment upon conviction of aggravated murder, when the law requires a minimum sentence of life imprisonment with parole eligibility after serving twenty years.
 {¶ 21} The state, however, failed to file a "notice of appeal." We, therefore, cannot address the state's "cross-assignment of error". App. R. 3(C)(1) provides that "a person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order * * * shall file a notice of cross appeal within the time allowed by App. R. 4." Where an appellee intends to defend a judgment appealed but does not seek to change the judgment a notice of cross appeal is not required, but rather the appellee can merely assert a "cross-assignment" of error. See App. R. 3(C)(2). In the case sub judice, the state seeks to remand the judgment of the trial court for re-sentencing. Pursuant to App. R. (3)(C)(1), the state was required to file a notice of cross appeal, but failed to do so. Accordingly, the state's cross-assignment of error must be struck. See U.S.Fidelity Guaranty Co. v. Inter-City Products Corp (Aug. 14, 1998), 7th Dist. No. 95-C0-75.
 {¶ 22} Despite this procedural oversight by the state, we are, nonetheless, obligated to sua sponte address whether the trial court imposed a sentence upon Jackson that is consistent with sentencing guidelines as set forth in Chapter 2929 of the Revised Code. R.C. 2929.03(A)(1) provides in pertinent part that "following a verdict of guilty of the charge of aggravated murder, * * * the trial court shall impose a sentence of lifeimprisonment with parole eligibility after serving twenty years
of imprisonment on the offender." Emphasis added. The trial court herein, however, sentenced Jackson as follows:
On the conviction for Aggravated Murder it is hereby ORDERED that Defendant shall serve a term of three (3) years in prison on the firearm specification, after which Defendant shall serve aterm of twenty (20) years consecutive to the firearm specification for Aggravated Murder, and pay the costs of prosecution, including costs of indigent counsel representation. Emphasis added.
 {¶ 23} The sentence imposed by the trial court is clearly contrary to R.C. 2929.03(A)(1). Accordingly, despite the state's failure to file a notice of appeal, we sua sponte remand the matter to the trial court for re-sentencing.[3]
Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of conviction of the trial court and vacate the sentence imposed by the trial court, and remand the case for re-sentencing consistent with this opinion.
Judgment affirmed in part; vacated in part; and causeremanded.
 Shaw, P.J., and Bryant, J., concur.
[1] Evid.R. 403 provides that:
(A) Exclusion mandatory: Although relevant, evidence is notadmissible if its probative value is substantially outweighed bythe danger of unfair prejudice, of confusion of the issues, or ofmisleading the jury.
 (B) Exclusion discretionary: Although relevant, evidence maybe excluded if its probative value is substantially outweighed byconsiderations of undue delay, or needless presentation ofcumulative evidence.
[2] We also note that within this assignment of error, Jackson also alleges ineffective assistance of counsel for defense counsel's failure to object to the exhibits. Procedurally, this should have been appealed to this court as a separate assignment of error. See App. R. 12(A)(2) and 16(A). Based upon our review of the record and our determination of Jackson's assignment of error, supra, it is evident that the ineffective assistance of counsel alleged by Jackson would not, on its merits, pass the test set forth in Strickland v. Washington (1984),466 U.S. 668.
[3] We further note that "a resentencing that imposes a more severe sentence to correct an omitted mandatory penalty does not violate the Double Jeopardy Clause." State v. Waddell (1995),106 Ohio App.3d 600, 603; citing, Bozza v. United States
(1947), 330 U.S. 160, 166-167, State v. Beasley (1984),14 Ohio St.3d 74, 75-76.