OPINION
{¶ 1} Appellant, Eric A. Jackson ("Jackson"), appeals the March 2, 2004 decision of the Common Pleas Court of Union County denying Jackson's motion for leave to file a motion for new trial.
 {¶ 2} Jackson was indicted on October 24, 2002, on charges of aggravated murder, with a firearm specification, and unlawful possession of a dangerous ordnance. Jackson was found guilty on all counts by a jury and the court sentenced Jackson to twenty years imprisonment for the aggravated murder charge and three years imprisonment for the firearm specification. A twelve month term of imprisonment was imposed for the charge of possession of a dangerous ordnance, to be served concurrent with the other prison terms. Jackson appealed his conviction and this Court affirmed the judgment in part, vacated it in part and remanded the case in State v. Jackson, Union App. No. 14-03-28, 2004-Ohio-4016.
 {¶ 3} On February 26, 2004, Jackson filed a motion for leave to file a motion for a new trial. The State filed a memorandum in opposition and the trial court overruled the motion as being untimely on March 2, 2004. It is from this decision that Jackson now appeals asserting the following assignment of error.
The trial court erred when it denied Appellant leave to file amotion for a new trial.
 {¶ 4} In his sole assignment of error, Jackson asserts that he provided uncontroverted proof that he was unable to produce the evidence until after the expiration of the time for filing a motion for a new trial and that the trial court erred in denying Jackson leave to file the new trial motion. Crim.R. 33 governs new trials and provides the following as one of the grounds upon which a new trial may be granted on motion of the defendant:
When new evidence material to the defense is discovered, whichthe defendant could not with reasonable diligence have discoveredand produced at the trial. When a motion for a new trial is madeupon the ground of newly discovered evidence, the defendant mustproduce at the hearing on the motion, in support thereof, theaffidavits of the witnesses by whom such evidence is expected tobe given, and if time is required by the defendant to procuresuch affidavits, the court may postpone the hearing of the motionfor such length of time as is reasonable under all thecircumstances of the case. The prosecuting attorney may produceaffidavits or other evidence to impeach the affidavits of suchwitnesses.
Crim.R. 33 (A)(6). The rule further provides a limitation on the time in which a defendant has to file the motion.
Motions for new trial on account of newly discovered evidenceshall be filed within one hundred twenty days after the day uponwhich the verdict was rendered, or the decision of the courtwhere trial by jury has been waived. If it is made to appear byclear and convincing proof that the defendant was unavoidablyprevented from the discovery of the evidence upon which he mustrely, such motion shall be filed within seven days from an orderof the court finding that he was unavoidably prevented fromdiscovering the evidence within the one hundred twenty dayperiod.
Crim.R. 33(B).
 {¶ 5} We review a trial court's determination of a Crim.R. 33 motion under an abuse of discretion standard. State v. Schiebel
(1990), 55 Ohio St.3d 71, paragraph one of the syllabus,564 N.E.2d 54; State v. Brumback (1996), 109 Ohio App.3d 65,671 N.E.2d 1064. Abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. However, when a motion pursuant to Crim.R.33(A)(6) is filed more than one hundred twenty days after judgment, we first review the record to determine if the defendant provided clear and convincing proof that the evidence could not have been discovered with due diligence before the time limit imposed by Crim.R. 33(B) expired. State v. Simms (June 24, 1999), 8th Dist. No. 74702, unreported, 1999 WL 435464. "Clear and convincing proof" is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Schiebel, 55 Ohio St.3d at 74, citingCross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus, 120 N.E.2d 118. Therefore, in reviewing the trial court's denial of leave to file a motion for new trial, we will examine the record to determine whether Jackson presented sufficient evidence to satisfy the "clear and convincing" standard; however, we cannot substitute our judgment for that of the trial court when competent, credible evidence supports the trial court's decision. Scheibel, 55 Ohio St.3d at 74.
 {¶ 6} Jackson correctly asserts that, pursuant to Crim.R. 33, a motion for a new trial based upon newly discovered evidence had to be filed by October 24, 2003, one hundred and twenty days after the guilty verdict was rendered on June 26, 2003. Jackson, therefore, needed to show by "clear and convincing proof" that he had been "unavoidably prevented" from discovering the new evidence in order for the court to grant him leave to file a motion for a new trial based on such evidence. Jackson has failed to demonstrate that he was unavoidably prevented from discovering the evidence upon which he relied.
 {¶ 7} In his motion for leave to file a motion for new trial, Jackson informed the court that he had acquired newly discovered evidence which demonstrated that he should not have been charged with and convicted of aggravated murder for the death of his mother. Jackson attached to his motion the affidavit of a witness to the shooting. The witness, Kaci Chaffin, was an employee at the nursing home where Jackson's mother worked, and also the location at which the shooting occurred. Chaffin states in her affidavit that she observed the shooting. Chaffin's observations were that Jackson and his mother were fighting, Jackson pointed a shotgun to his own head, Jackson's mother was trying to pull the shotgun away from Jackson and the gun discharged and shot Jackson's mother.
 {¶ 8} Jackson's filings indicate that he and/or his counsel first became aware of the fact that this witness observed the shooting on October 10, 2003, when Jackson's wife contacted Jackson's counsel to relay what her co-worker, Chaffin, had revealed to her. Chaffin stated in her affidavit that she was unaware that she witnessed anything that was significant to law enforcement officers and so she never reported her observations to anyone until discussing the case with Jackson's wife. Jackson's counsel proceeded to have an investigator assigned to interview Chaffin. It was not until December 18, 2003 that counsel interviewed the witness herself and then obtained an affidavit from the witness on December 23, 2003. Finally, counsel filed the motion for leave to file a motion for new trial on February 26, 2004. Counsel provides a host of reasons for the delay, including scheduling conflicts with the investigator and counsel's pursuit of other alleged witnesses.
 {¶ 9} However, the explanations provided by Jackson's counsel do not show that counsel was unavoidably prevented from filing a motion for new trial in the prescribed time limit. A party is considered unavoidably prevented from filing a motion for new trial "if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." State v. Walden (1984),19 Ohio App.3d 141,146, 483 N.E.2d 859. Jackson's counsel concedes in the brief to this court that on October 10, 2004, the existence of the ground supporting the motion for new trial was known. Therefore, Jackson could have filed a motion for new trial within the one hundred twenty days after judgment, in compliance with Crim.R. 33(B).
 {¶ 10} Jackson argues that since the affidavit of the witness, Chaffin, was not obtained until December 23, 2003, Jackson was unavoidably prevented from filing the motion for new trial. "However, the phrases `unavoidably prevented' and `clear and convincing proof' do not allow one to claim that evidence was undiscoverable simply because affidavits were not obtained sooner." State v. Williams, 12th Dist. No. CA2003-01-001, 2003-Ohio-5873, at ¶ 21, citing State v. Fortson, 8th Dist. No. 82545, 2003-Ohio-5387, at ¶ 11. Further, Crim.R. 33(A)(6) does not require affidavits supporting the motion to be provided until the hearing on the motion is held. Even if we considered the delay between the discovery of the witness and obtaining the witness' affidavit to be reasonable, Jackson did not file his motion for leave until February 26, 2004, over two months after the affidavit from the witness was obtained. The trial court was entitled to conclude that such a delay was unreasonable when it appeared from the record that counsel used the time to pursue other potential witnesses that turned out to be unfruitful.
 {¶ 11} In exercising reasonable diligence, Jackson should have filed the motion for leave to file a motion for new trial as soon as he or his counsel gained knowledge of the ground for a new trial. The affidavit from witness Chaffin was unnecessary to file a motion for a new trial or to file leave to file such motion. The trial court could have granted additional time for the procurement of Chaffin's affidavit, and the investigation of other potential witnesses, once Jackson filed a motion for a new trial under Crim.R. 33(A)(6). See State v. Barnes (Dec. 30, 1999), 12th Dist. No. CA99-06-057, unreported, 1999 WL 1271665. The trial court cannot simply extend the time to file a motion under Crim.R. 33 other than under the conditions provided in that rule. See Crim.R. 45(B).
 {¶ 12} Our review of the record provides that Jackson failed to meet the burden of establishing by clear and convincing proof that the evidence was undiscoverable within one hundred twenty days from judgment. Moreover, Jackson failed to demonstrate that he was unavoidably prevented from filing a timely motion for a new trial. Accordingly, the trial court did not err in denying Jackson's motion for leave to file a motion for new trial and Jackson's sole assignment of error is overruled. Having found no merit with the assignment of error, the judgment of the Common Pleas Court of Union County is affirmed.
Judgment affirmed.
 Cupp and Rogers, JJ., concur.