[Cite as *State v. Clark*, 2012-Ohio-2434.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11 MA 38 |
| | ) | |
| DAMON CLARK, JR., | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 07CR635A

JUDGMENT: Affirmed

APPEARANCES:
For Plaintiff-Appellee

Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant

Damon K. Clark, Jr., Pro-se
#541-878
Toledo Correctional Institution
2001 E. Central Ave.
Toledo, Ohio 43608

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: May 30, 2012

DONOFRIO, J.

**{¶1}** Defendant-appellant, Damon Clark, appeals from a Mahoning County Common Pleas Court judgment denying his Motion for Leave to File a Motion for New Trial.

**{¶2}** We set out the facts of this case in appellant's direct appeal:

On May 5, 2007, appellant left a party to visit his cousin, Joseph Moreland, at his house on Stewart Street in Youngstown, Ohio. Due to a conflict between appellant and another guest, Joseph Moreland told appellant to leave his home. Joseph pushed appellant causing him to fall and land in a children's power vehicle. Joseph Moreland and appellant then argued.

Appellant then left driving a blue Buick that belonged to the mother of his children but that he often drove. Appellant dropped his brother, Kevon Moreland, and his cousin, Lewon Bell, back off at the party they had previously attended. Rather than reentering the party as intended, appellant left with Stoney Williams, who had approached the Buick. (Kevon Moreland and Lewon Bell had both witnessed Stoney Williams carrying a gun at the party earlier.) Appellant then picked up Stoney Williams' friend, Darryl Mason, who thought he was being transported to the party. However, appellant drove toward Stewart Street instead.

At the time, Joseph Moreland was standing on his front porch speaking to his cousin, Jean Madison, and his aunt, Angela Moreland, who was holding the hand of her three-year-old niece, Cherish Moreland. They had walked over to his house when they heard him arguing with someone on the telephone. Joseph Moreland was concerned because, from statements appellant made when he left the house and additional statements he made over the telephone, it seemed appellant was threatening to come back shooting.

Appellant soon drove down Stewart Street. As the car passed the house, Stoney Williams sat on the door frame of the passenger window and fired two shots across the roof of appellant's vehicle towards Joseph Moreland's house. A bullet grazed Angela Moreland and passed through Cherish's head. Notwithstanding the bullet hole through the back of her head, she awoke crying at the scene. Regrettably, Cherish died less than two days later.

*State v. Clark*, 7th Dist. No. 08-MA-15, 2009-Ohio-3328, ¶¶2-5.

**{¶3}** Appellant was convicted of complicity to murder and complicity to knowingly discharging a firearm into or at a habitation with firearm specifications. The trial court sentenced him to 25 years to life in prison. On appeal, we affirmed appellant's conviction and sentence. *Id.*

**{¶4}** On September 4, 2009, appellant filed a pro se motion for new trial asserting that he had newly discovered evidence. Appellant did not state what the evidence was and did not attach a supporting affidavit. The trial court did not rule on this motion.

**{¶5}** On June 21, 2010, appellant filed a pro se motion for new trial on new evidence. This time he attached a letter from Gerald Johnson. In the letter, Johnson stated "Stoney," appellant's co-defendant, told him about the shooting and that "Littles," whom he come to learn was appellant, was not involved. The letter was not an affidavit. The trial court denied appellant's motion.

**{¶6}** On January 26, 2011, appellant, this time through counsel, filed a motion for leave to file a motion for a new trial based upon newly discovered evidence. This time Johnson's affidavit was attached to the motion. In the affidavit, Johnson stated that he was at the scene and witnessed Joseph Moreland with a mini assault rifle and heard shots fired.

**{¶7}** The trial court held a hearing on appellant's motion. Appellant called Johnson to testify in support of his motion. The court concluded that appellant did not show by clear and convincing evidence that he was unavoidably prevented from

timely filing his motion. It further concluded that appellant did not show that he was unable to discover the new evidence and could not have learned of the new evidence since allegedly appellant and Johnson were both present at the time of the incident. Consequently, the court overruled appellant's motion for leave.

{¶8} Appellant filed a timely notice of appeal on March 3, 2011.

{¶9} Appellant, once again acting pro se, raises a single assignment of error, which states:

THE TRIAL COURT ERRORED AND ABUSED ITS DISCRETION ON DENYING LEAVE TO FILE A DELAYED MOTION FOR NEW TRIAL IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶10} Appellant argues that his due process rights were violated when the trial court denied his motion for a new trial based on newly discovered evidence. Appellant claims that since the time of his trial, he learned that Gerald Johnson was present on the night of the shooting and did not come forward due to threats. Appellant further asserts that he demonstrated by clear and convincing proof that he was unavoidably prevented from filing his motion for new trial in a timely fashion.

{¶11} A trial court's decision to grant or deny a new trial on grounds of newly discovered evidence falls within the court's sound discretion. *State v. Hawkins*, 66 Ohio St.3d 339, 350, 612 N.E.2d 1227 (1993). Therefore, we will not reverse such a decision absent an abuse of discretion. Abuse of discretion connotes more than an error of law or judgment; it implies the trial court's judgment was arbitrary, unreasonable, or unconscionable. *State v. Adams*, 62 Ohio St. 151, 157, 56 N.E.2d 654 (1980).

{¶12} In this case, the trial court denied appellant leave to file a delayed motion for new trial. Thus, we must examine the timeliness of appellant's motion.

{¶13} Crim.R. 33(B) addresses timeliness when the basis of a new trial motion is newly discovered evidence:

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶14} Because appellant's motion was filed well outside the 120-day period, he was required to obtain leave of court to file his motion for new trial.

{¶15} Leave of court must be granted before the merits of the motion are reached. *State v. Lordi*, 149 Ohio App.3d 627, 2002-Ohio-5517, 778 N.E.2d 605, ¶25 (7th Dist.). The moving party must prove unavoidable delay by clear and convincing evidence in order to obtain leave. *Id.* at ¶26; Crim.R. 33(B). Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence. *Id.* citing, *State v. Walden*, 19 Ohio App.3d 141, 146, 1483 N.E.2d 859 (1984). The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner. *State v. Fortson*, 8th Dist. No. 82545, 2003-Ohio-5387, ¶12.

{¶16} Johnson testified at the hearing on appellant's motion for leave. Johnson stated that he met appellant at the Mahoning County Jail. (Tr. 5). Johnson stated that he was present on Stewart Street when the shooting took place. (Tr. 6). However, he stated that he did not tell anyone what he saw until recently because

Joseph Moreland threatened him. (Tr. 6). He stated that in the late summer or fall of 2010, he told appellant that he had been present on the night in question. (Tr. 8). Johnson stated that he was coming forward now because Moreland and many of his "associates" are "locked up" now. (Tr. 13). On cross examination, Johnson stated that he was arrested on April 28, 2010, and that he met appellant a few days later in jail. (Tr. 9-10).

{¶17} Based on the timing of the motion and Johnson's testimony, the trial court did not abuse its discretion in denying appellant leave to file a motion for new trial.

{¶18} Firstly, Johnson testified he informed appellant in the late summer or early fall that he was present on the night of the shooting. But this was inaccurate. Appellant filed a pro se motion alleging newly discovered evidence on June 21, 2010, and attached a letter from Johnson. Thus, appellant clearly knew of this "new" evidence at least as early as June 2010.

{¶19} Secondly, despite his knowledge of this "newly discovered" evidence in June of 2010, appellant did not obtain Johnson's affidavit until four months later on October 29, 2010. Then appellant waited another three months to file a motion for leave to file a motion for new trial. In total, appellant waited seven months to file his motion for leave to file a motion for new trial.

{¶20} Thirdly, if Johnson was in fact present at the scene as he now claims, appellant should have been able to discover his testimony much sooner because appellant was likewise present.

{¶21} Given the above circumstances appellant did not meet his burden of proving that he was unavoidably prevented from discovering the evidence by clear and convincing evidence. Moreover, appellant's delay in filing the motion was unreasonable under the circumstances.

{¶22} Accordingly, appellant's sole assignment of error is without merit.

{¶23} For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.