[Cite as *State v. Galloway*, 2017-Ohio-5841.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                          Court of Appeals Nos. L-16-1179
                                                                                      L-16-1180
      Appellee

                                                               Trial Court Nos. CR0198905590
v.                                                                                     CR0198905589

James Galloway                                         **DECISION AND JUDGMENT**

      Appellant                                Decided:  July 14, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

James Galloway, pro se.

* * * * *

**MAYLE, J.**

**{¶ 1}** In this consolidated appeal, defendant-appellant, James Galloway, appeals

the July 5, 2016 judgments of the Lucas County Court of Common Pleas denying his

request for leave to file a motion for a new trial.  We affirm.

## I.  Background

{¶ 2} On February 8, 1990, a jury convicted Galloway in two separate cases of three counts of rape and two counts of gross sexual imposition for engaging in sexual activity with three children who were four, five, and seven years old at the time.  The trial court sentenced him to an aggregate indefinite term of 53 to 95 years in prison.  As summarized in the state's brief, Galloway has filed seven motions for postconviction relief, two prior motions for new trials, a direct appeal, and several federal court actions.  None have been successful.

{¶ 3} On April 26, 2016, Galloway filed a "request for leave to file a new trial motion pursuant to Crim. R. 33(A)(6)."  He argued that he had newly discovered evidence showing that the doctor the state used as an expert witness at trial was a "phony doctor" and was not licensed to practice medicine.  To support this claim, Galloway relied on numerous documents that he contends constitute newly discovered evidence under Crim.R. 33(A)(6).  The documents consist of:  a letter from the City of Toledo Department of Police Operations dated February 17, 2004; Galloway's criminal history, dated March 15, 2004; the 1989 indictments underlying his cases; a handwritten note from Dr. D. P. Bennett, dated February 2, 1988; medical records of one of the victims that is marked as state's exhibit No. 6 with the date of February 7, 1990, on the exhibit sticker; a letter from attorney Ronald McCourt, dated May 2, 1991; a letter from the clerk of the Toledo Municipal Court, dated February 18, 2004, and the municipal court case documents enclosed with that letter; a portion of the transcript from Galloway's jury trial,

2.

dated February 7, 1990; a letter from the Medical College of Ohio, dated October 10, 2003; a letter from the Colegio de Medicos y Cirujanos de Guatemala, dated March 24, 2000; a letter from the Central Texas Medical Foundation, dated July 9, 1999; a letter from the State Medical Board of Ohio, dated April 20, 1999; and a letter from Judge William Skow to the Ohio Disciplinary Counsel, dated July 2, 1991. None of the documents (with the exception of the medical records marked as state's exhibit No. 6) are authenticated by affidavit or certified. Galloway also claims that Martin Yant, an investigator with Ace Investigations, ran "world wide data base [sic] searches" and found only two references to the state's expert. Galloway did not, however, provide any evidence (such as documents or an affidavit from Mr. Yant, or Galloway's own affidavit attesting to the information provided by Mr. Yant) supporting Mr. Yant's alleged findings.

{¶ 4} In response to Galloway's request for leave, the state argued that Galloway's request was untimely under Crim.R. 33(B) because Galloway failed to show by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence within 120 days after the jury rendered its verdict. The trial court agreed. The court also determined that Galloway's request for leave was not filed within a reasonable time after he discovered the new evidence, as the documents he submitted were all "at least ten years old." The court denied Galloway's request for leave without a hearing.

{¶ 5} Galloway appeals the trial court's dismissal of his request for leave, setting forth two assignments of error:

3.

FIRST ASSIGNMENT OF ERROR:

The trial court erred in not granting leave to file a new trial motion when substantial evidence of the most eggregious [sic] prosecutorial misconduct was presented to obtain the conviction on the basis of the motion for leave not being filed within any specific time after the discovery of the evidence when Crim. R. 33(A)(6) makes no such requirement. This failure violates this appellant's constitutional right to a fair trial and the due process of law law [sic] protected by the 5th and 14th amendments of the US Constitution and the equivalent Articles ands [sic] Sections of the Ohio Constitution.

SECOND ASSIGNMENT OF ERROR:

The trial court erred in not conducting an evidentiary hearing on the motion as more than sufficient evidence was attached to the motion to demonstrate this appellant was entitled to relief. This failure by the court violated this appellant's constitutional rights to a fair trial and the due process of law protected by the 5rh [sic] and 14th amendments of the US Constitution and the equivalent Articles and Sections of the Ohio Constitution.

## Law and Analysis

### A. Denial of Galloway's Request for Leave to File a Motion for a New Trial

{¶ 6} In his first assignment of error, Galloway objects to the trial court's determination that he did not file his request for leave within a reasonable time after discovering the allegedly new evidence. He reasons that Crim.R. 33(B) does not impose a time limit for filing a motion for leave, so the trial court erred by imposing a reasonableness requirement. The state counters that Ohio case law requires that a defendant file his request for leave within a reasonable time after the discovery of new evidence and that Galloway's delay of more than a decade was not reasonable.

{¶ 7} Under Crim.R. 33(A)(6), a defendant may move for a new trial "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial." The motion must be filed within 120 days after the jury renders its verdict. Crim.R. 33(B). A defendant who fails to file a motion within the 120-day period must seek leave from the trial court to file a delayed motion. *State v. Montgomery*, 6th Dist. Lucas No. L-15-1282, 2016-Ohio-7527, ¶ 43.

{¶ 8} To be entitled to leave to file a delayed motion for a new trial the defendant must provide "clear and convincing proof" that he was "unavoidably prevented" from discovering the evidence on which his motion is based. Crim.R. 33(B); *State v. Sandoval*, 6th Dist. Sandusky Nos. S-13-032 and S-13-034, 2014-Ohio-4972, ¶ 13. A defendant is unavoidably prevented from discovering new evidence if he had no

knowledge of the existence of the new evidence and, in the exercise of reasonable diligence, could not have learned of its existence within the time prescribed for filing a motion for new trial. *Montgomery* at ¶ 44, citing *Sandoval* at ¶ 13; and *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).

{¶ 9} Although Crim.R. 33(B) does not provide a specific timeframe in which a defendant must seek leave to file a delayed motion for a new trial, most Ohio courts— including this one—have adopted a reasonableness standard; thus, the trial court may properly require a defendant to file his motion for leave within a reasonable time after he discovers new evidence. *State v. Willis*, 6th Dist. Lucas No. L-06-1244, 2007-Ohio-3959, ¶ 20; and *see State v. Thomas*, 1st Dist. Hamilton Nos. C-150581 and C-150555, 2017-Ohio-4403, ¶ 8 (adopting requirement that delayed Crim.R. 33 motions be filed within a reasonable time after the defendant learns of the proposed grounds for a new trial and citing the nine other appellate districts that follow the reasonableness requirement). If there is undue delay between discovery of the new evidence and filing the motion for leave, the trial court must determine whether the delay was reasonable under the circumstances or whether the defendant adequately explained the delay. *Willis* at ¶ 20.

{¶ 10} We review the trial court's denial of leave to file a delayed motion for a new trial under an abuse of discretion standard. *Id.* at ¶ 12. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996). In this case, the trial

6.

court found that Galloway is not entitled to leave to file a delayed motion because the evidence that he submitted was "at least ten years old" and he did not provide any explanation for the delay. The trial court found that the delay was unreasonable. We agree.

{¶ 11} Initially, we note that Galloway does not affirmatively state when he first discovered the evidence on which his request relies. We infer from the dates of the correspondence—and the fact that many of the letters reference requests from Galloway for information—that Galloway knew of the evidence no later than March 2004.

{¶ 12} After considering the evidence and the surrounding circumstances, we find nothing reasonable about the 12-year delay between the time Galloway discovered his allegedly new evidence and the time he sought leave to file a motion for a new trial. The only attempt Galloway makes at justifying the delay is arguing that he did not obtain Mr. Yant's report until December 2014. He did not, however, include the alleged report with his request. Regardless, even if he had, we still could not find that the trial court abused its discretion. Galloway—again without providing any explanation—did not file his request for leave until 16 months after he received Mr. Yant's report. Many courts— including this one—have found that far shorter delays are unreasonable. *E.g., State v. Armengau*, 10th Dist. Franklin No. 16AP-355, 2017-Ohio-197 (182 days); *Montgomery*, 6th Dist. Lucas No. L-15-1282, 2016-Ohio-7527 (nine months); *State v. Tubbs*, 2d Dist. Miami No. 2015-CA-14, 2016-Ohio-842 (six months); *State v. Clark*, 7th Dist. Mahoning

7.

No. 11 MA 38, 2012-Ohio-2434 (seven months); *State v. Jackson*, 3d Dist. Union No. 14-04-11, 2004-Ohio-5103 (two months).

{¶ 13} Our review of the briefs and the record indicates that it was unreasonable for Galloway to wait 12 years to present new evidence to the court. Moreover, he provides no excuse for waiting more than a decade before seeking leave to file a motion for a new trial. The trial court was within its discretion to deny Galloway's request for leave as untimely. We find, therefore, that Galloway's first assignment of error is not well-taken.

### B. Trial Court's Denial of a Hearing on Galloway's Request for Leave

{¶ 14} In his second assignment of error, Galloway argues that the trial court erred in failing to conduct an evidentiary hearing on his motion for a new trial. The state contends that the trial court acted within its discretion when it summarily denied Galloway's request for leave.

{¶ 15} A defendant is generally entitled to a hearing on a motion for leave to file a motion for a new trial if the new evidence on its face demonstrates that the defendant was unavoidably prevented from discovering it. *Montgomery* at ¶ 58; *State v. Thompson*, 6th Dist. Lucas No. L-15-1006, 2016-Ohio-1399, ¶ 15. But the trial court may summarily deny leave when neither the motion for leave nor its supporting documents provide prima facie evidence of unavoidable delay. *State v. Peals*, 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893, ¶ 23, citing *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.). Additionally, the trial court is not required to hold

8.

a hearing on an untimely motion for leave. *Willis*, 6th Dist. Lucas No. L-06-1244, 2007-Ohio-3959, at ¶ 23. We also review the trial court's denial of an evidentiary hearing on a motion for leave to file a delayed motion for a new trial under an abuse of discretion standard. *Peals* at ¶ 13.

{¶ 16} We find that the trial court did not abuse its discretion by failing to hold a hearing on Galloway's request for leave for two reasons: first, the trial court was under no obligation to hold a hearing on Galloway's untimely request and, second, Galloway failed to present evidence supporting a prima facie case of unavoidable delay.

{¶ 17} As discussed above, Galloway filed his request for leave 12 years after he discovered the new evidence on which he relies and he did not provide any justification for the late filing. The untimeliness of the request alone is a sufficient basis for the trial court to deny a hearing. *Willis* at ¶ 23.

{¶ 18} Beyond that, Galloway did not make a prima facie showing that he was unavoidably prevented from discovering the new evidence in a timely manner. To justify a hearing, Galloway's evidence must show on its face that at the time of trial he had no knowledge of the existence of the new evidence and that he, in the exercise of reasonable diligence, could not have learned of its existence within the time prescribed for filing a motion for new trial. *Montgomery* at ¶ 44; *Peals* at ¶ 20. Galloway's evidence does not meet these requirements.

{¶ 19} Galloway attached a total of 13 items to his request for leave; 12 items contain information that Galloway either knew or in the exercise of reasonable diligence

9.

could have known at the time of his trial. It is apparent from the face of the evidence that before February of 1990 Galloway knew about the existence of the indictments underlying his criminal cases, the note from Dr. Bennett, and the medical records marked as a trial exhibit. It is also apparent that Galloway, if he had exercised reasonable diligence, could have known about the existence of the information in all but one of the remaining documents, which detail police reports relating to his crimes, Galloway's own criminal record, the substance of a conversation an attorney had with one of the victims before Galloway was indicted, municipal court records from before Galloway was indicted, and background information on the state's expert witness.

{¶ 20} The only piece of evidence Galloway could not possibly have known or been expected to know about at the time of trial was the letter from the trial judge to the Ohio Disciplinary Counsel. But the contents of the letter do not relate to the basis of Galloway's request for leave to file a delayed motion for a new trial, i.e. that the state used a "phony doctor" as an expert witness. Rather, the letter from the trial judge reiterates the procedural history of the case (which Galloway knew or reasonably could have known at the time of the trial) and expresses some of his personal thoughts about the case (including his belief that his "recounting of various dates and witnesses cannot begin to limn the enormity of Galloway's crimes or the persuasiveness of the evidence against him").

{¶ 21} In sum, the evidence Galloway included with his request for leave does not make a prima facie case that he was unavoidably prevented from discovering the

10.

evidence on which he bases his request. As such, Galloway is not entitled to a hearing and the trial court acted within its discretion in summarily denying his request. *Peals*, 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893, at ¶ 23. Thus we find that Galloway's second assignment of error is not well-taken.

### III. Conclusion

{¶ 22} The July 5, 2016 judgment of the Lucas County Court of Common Pleas is affirmed. Galloway is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                              JUDGE
James D. Jensen, P.J.

Christine E. Mayle, J.                    _____
CONCUR.                                                JUDGE

                                                   _____
                                                              JUDGE